N. MARY ROTCHFORD vs. UNION RAILROAD COMPANY.

PROVIDENCE—MARCH 18, 1903.

PRESENT: Stiness, C. J., Tillinghast and Blodgett, JJ.

(1) *Injuries to the Person. Statute of Limitation.*

Pub. Laws cap. 976, § 1, passed April 3, 1902, to take effect July 1, 1902: "Actions of the case for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after," applies only to causes of action accruing after July 1, 1902.

(2) *Statutes of Limitations. Prospective or Retroactive.*

Statutes of limitations are held to be prospective only in their operation, unless, by their express terms or by necessary implication, they shall be held to express the legislative intent that a retroactive effect is to be given them.

TRESPASS ON THE CASE for negligence. Heard on demurrer to plea of statute of limitation, and demurrer sustained.

BLODGETT, J. The single question presented by the plaintiff's demurrer is whether the provisions of chapter 976, Public Laws, section 1, can be pleaded in bar of causes of action existing before July 1, 1902. The act in question was passed on April 3, 1902, to take effect on July 1, 1902, and so much of the same as is material to this case is contained in these words: "Actions of the case for injuries to the person shall be commenced and sued within two years next after the cause of action shall accrue, and not after." This chapter takes the place of chapter 234 of the General Laws, which allowed an action of this nature to be "commenced and sued within six years next after the cause of action shall accrue and not after." The plaintiff brought her action on November 28, 1902, alleging in her declaration an injury and cause of action on August 12, 1900.

If, therefore, the statute is retrospective in its operation, the action must fail; and it follows that the action is seasonably brought if the statute applies only to causes of action accruing after July 1, 1902.

The defendant contends that the statute retroacts and that

the action is barred, claiming that the period between its en-
actment on April 3, 1902, and the time when it took effect—
viz., July 1, 1902—is to be computed as a period within which
any cause of action existing prior to the latter date and not
then barred by the lapse of six years might be sued.    If the
construction for which he contends be the correct construction,
then a cause of action arising on say July 15, 1896, and which
would not otherwise be barred until July 15, 1902, must be
sued before July 1, 1902, or fourteen days earlier than the
law then in force required, in order to be maintained.    If
action thereon is brought after July 1, 1902, and before July
15, 1902, the two-year limitation of the present statute would
apply, and the plaintiff would find that his right of action had
expired on July 15, 1898, or nearly four years before.    Again,
if the defendant's construction be correct, a cause of action
accruing just before the passage of this act on April 3, 1902,
viz., on April 1, 1902, and which then might have been sued
at any time within six years thereafter, viz., before April 1,
1908, must by this act be sued in any event before April 1,
1904, thus depriving a plaintiff of four years' time in which to
sue on an existing cause of action.

It is unquestioned that the legislature may shorten periods
of limitation and may make such statutes retrospective by ex-
press provision; but a construction which gives five years and
eleven and one-half months as a period of limitation in a cer-
tain cause of action existing when it takes effect and only two
years to another cause of action of the same nature is not to be
favored, especially when the very object of the limitation is to
apply the same rule and to allow the same rights to all who
are similarly situated.

But the defendant contends that, inasmuch as the words of
the act under consideration are substituted for and become the
language of chapter 234 of the General Laws, unless the words
of the act are deemed to apply to all causes of action accruing
prior to July 1, 1902, in that case the period of limitation
theretofore created by existing laws as to such cases is repealed,
and no other period of limitation is substituted therefor; and
that such a result is accomplished by the provisions of an act

whose ostensible purpose is to reduce the period of limitation theretofore created.

Undoubtedly the provisions of chapter 976, Public Laws, repeal *pro tanto* the provisions of chapter 234, General Laws, with which they conflict. But by section 16 of chapter 26 of the General Laws it is provided that "the repeal of any statute shall in no case affect any act done, or any right accrued, acquired or established, or any suit or proceeding had or commenced in any civil case before the time when such repeal takes effect." And it follows that if the act shall be held to apply only to causes of action which shall accrue after July 1, 1902, that the statute last cited would still preserve the rights accrued thereunder; and one of those rights was then the right to sue on such a cause of action within the period of six years from the time it accrued.

To the foregoing observations there must be added a further observation, derived from an examination of the language used in the act. The period of limitation therein defined is expressed to be "within two years next after the cause of action shall accrue." This expression is by no means equivalent to the words "shall have accrued," inasmuch as the former clearly contemplates only a future event, to occur after the taking effect of the act on July 1, 1902. Indeed, this distinction was clearly made in *Fiske, Admx.*, v. *Briggs*, 6 R. I. p. 563, where the court, speaking of the language of the statute of limitations then before the court, said: "The language is not like that in *Williamson* v. *Field*, 2 Sand. Ch. 568, cited by the plaintiff, 'after such action *shall* accrue,' which was held in that case to refer to such actions as should thereafter accrue; and the distinction was taken between these words and the terms 'next after such action accrued,' which might leave the act to operate upon past as well as future causes."

And finally it is a familiar rule of construction that statutes of limitations are held to be prospective only in their operation, unless by their express terms or by necessary implication they shall be held to express the legislative intent that a retroactive effect is to be given to them. We fail to find such a retroactive effect to be either directly expressed or to be necessarily

implied in the language of the act in question, especially if we construe the period elapsing between the passage of the act on April 3, 1902, and the time of its taking effect on July 1 thereafter as but a reasonable period of notice to the public that a new period of limitation would be in force from and after the latter date.

We are therefore of the opinion that the act in question applies only to causes of action which shall accrue after July 1, 1902, and it follows that the demurrer is sustained.

*Thomas F. Farrell,* for plaintiff.

*David S. Baker,* for defendant.