## EDWARD HEBERT *vs.* ABBY J. HANDY.

### MAY 13, 1907.

PRESENT: Douglas, C. J., Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Pleading and Practice. Demurrers. Final Decision. Amendment.*

A decision of the Superior Court sustaining a substantial demurrer is final, and judgment follows in due time by operation of law unless the pleadings are allowed to be amended, in the discretion of the court, under court and practice act, section 261, or exception is taken and the prescribed steps taken under a bill of exceptions, and the Superior Court may exercise the same power to permit amendment after such exception has been overruled by the Supreme Court.

(2) *Pleading and Practice. Amendment. Exceptions.*

Exception will not lie to the decision of the Superior Court granting or refusing a motion to amend pleadings.

DOUGLAS, C. J. The rescript which we issued in this case, December 10, 1906, was misunderstood by the Superior Court.

We had before us then the plaintiff's exception to the decision of that court sustaining the defendant's substantial demurrer to the declaration. When the bill of exceptions came up for argument it was admitted that the declaration did not state a cause of action, and we overruled the exception and sustained the demurrer and remanded the case for further proceedings.

It appears that after the decision of the Superior Court had been made and entered upon the docket, a subsequent decision had been rendered for the defendant for costs; but the exception was taken formally to the decision upon the demurrer which decided the only issue in the case, and the bill of exceptions as allowed mentioned only that decision. When our rescript was received the Superior Court conceived that it had no power to grant a motion to amend and could only enter

judgment for the defendant, inasmuch as its last act preceding the allowance of the bill of exceptions was a decision for the defendant for costs.

(1)    The error arose from the unnecessary duplication of the decisions in the Superior Court.

Any decision of that court which settles the main issue in the case is a final decision in the meaning of the court and practice act. When the issue is one of fact and is tried to a jury the verdict decides the issue. When a jury trial is waived the court's decision on the merits is final. When the issue is one of law, as when it is upon a substantial demurrer to the declaration, a decision sustaining the demurrer is final. There is no further question left for the court upon the pleadings, and judgment follows in due time by operation of law, unless the pleadings are allowed to be amended or exception is taken and a bill of exceptions is duly filed and the prescribed steps are taken thereon.

Under the provisions of section 261 of the court and practice act we think that a declaration may be amended, in the discretion of the Superior Court, after it has sustained a substantial demurrer; and we see no reason why the same power may not be exercised in a proper case after this court has overruled an exception to such ruling.

By remanding the case for further proceedings we did not intend to indicate the entry of judgment but to leave the case open to such action as might have been taken by the Superior Court immediately after sustaining the defendant's demurrer, if no exception had been taken to that ruling. The effect of such a decision in this court, unless some further order is added, is simply to affirm the decision of the Superior Court upon the demurrer.

The plaintiff's bill of exceptions (Ex. No. 3825), allowed upon an exception taken to the denial of his motion for leave to amend his declaration, must be dismissed without prejudice. We do not find any provision in the court and practice act allowing an exception to the granting or refusal by the Superior Court of a motion to amend. The decision of such a motion is not a "ruling, decision, or finding upon an issue

of fact or matter of law," and is left to the discretion of the court, like other matters in the conduct of an action. C. & P. Act, §§ 481, 482, 483. But in order to reinstate the parties duly before the Superior Court we will grant the plaintiff's motion to vacate our order of December 10, 1906, and now remand the case to the Superior Court with direction to vacate its decision for costs, to rehear and decide upon its merits the motion for leave to amend the declaration, and thereupon to allow further pleadings or to enter judgment for the defendant in its discretion.

*Vincent, Boss and Barnefield,* for plaintiff.
*John J. Arnold,* for defendant.