GEORGE BENNETT *vs.* CONNERY & CO., INC.

JULY 1, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Negligence. Pleading. Res Ipsa Loquitur.*

In an action for negligence for personal injury arising out of the fall of a staging, underneath which, plaintiff not in employ of defendant was working, and charging defendant with breach of duty to use reasonable care in the construction and use of the staging as a result of which breach it fell, plaintiff should allege his lack of knowledge and means of knowledge of the exact cause of the accident, to bring it within the *res ipsa loquitur* rule.

*(2) Pleading. Amendment. Declarations.*

Although plaintiff refused to avail himself of the privilege of amendment to his declaration in the lower court, nevertheless it is still within the discre-

tion of that court upon motion to permit him to amend, after action of
lower court in sustaining demurrer to declaration has been affirmed in
appellate court.

TRESPASS ON THE CASE for negligence.    Heard on exception of plaintiff and overruled.

SWEETLAND, C. J.    This is an action of trespass on the case for negligence.    In the Superior Court the defendant demurred to the declaration which demurrer was heard before a justice of that court.

The declaration in substance alleges that in the prosecution of its business the defendant, through its agents and servants, was using a piece of lumber as a staging at a height of forty feet above the ground; that beneath this staging the plaintiff, not in the employ of the defendant, was obliged to be in the performance of his work; that it was the duty of the defendant to use reasonable care in the construction and use of said staging so that it would not fall upon and injure the plaintiff; and that the defendant regardless of its duty did not use reasonable care in the construction and use of said staging but so negligently employed the same that without warning it fell upon the plaintiff, who was in the exercise of due care, severely injuring him.

The sole ground of defendant's demurrer is "that the negligence alleged on the part of the defendant is so vague and indefinite as not to constitute a cause of action."    The plaintiff excepted to the ruling of the justice sustaining the demurrer on that ground, and has brought that exception to this court.

At the hearing before us the plaintiff's counsel urged that the ruling of the Superior Court justice was erroneous for the reason that the plaintiff was at work forty feet below the staging of the defendant and had no knowledge or means of knowledge of the facts connected with the defendant's construction or use of the staging or the cause of its fall, that the staging was entirely within the control of the defendant and if constructed and managed by the defendant

with reasonable care the staging in the ordinary course of things would not fall, and further that the plaintiff is unable to allege with particularity the exact cause of the accident or the precise nature of the negligence of the defendant which caused the staging to fall. The plaintiff in his declaration, however, has not alleged the matters thus stated by his counsel to the court, upon which he seeks to excuse the lack of precision in the allegations of the declaration.

We are of the opinion that the plaintiff should allege his lack of knowledge and means of knowledge. If such allegations had been contained in the declaration the matter would be governed by the decision in *Cox* v. *Providence Gas Co.,* 17 R. I. 199, in which the court said: "The rule of certainty in pleading is not too rigid to be reasonable. It was designed to further, not defeat, the ends of justice; and it is elementary that it requires no more particularity than the nature of the thing pleaded admits, and that, when the facts lie more in the knowledge of the opposite party than of the pleader, it allows a good deal of generality. The cases are numerous which hold that the happening of the accident may in itself amount to *prima facie* evidence of negligence, when the cause or instrumentality of the accident is under the defendant's control, and when such an accident does not ordinarily occur if due precautions be taken; and of course, if it is not necessary to prove the *particular* negligent act or omission, or the *particular* defect, to which the accident is attributable, it is not necessary to aver it." The principle of *Cox* v. *Providence Gas Co.* has been approved by this court in *Parker* v. *Providence and Stonington Steamboat Co.,* 17 R. I. 376, *Ellis* v. *Waldron,* 19 R. I. 369, and *Berard* v. *Smith,* 29 R. I. 528.

Although in the Superior Court the plaintiff refused to avail himself of the privilege of amendment granted to him by that court and stood upon his declaration, nevertheless, under the practice approved in *Hebert* v. *Handy,* 28 R. I. 317, it is still within the discretion of the Superior Court

upon motion of the plaintiff to permit an amendment to the declaration.

Plaintiff's exception is overruled.    Case is remitted to the Superior Court for further proceedings.

*Joseph C. Cawley,* for plaintiff.

*Henshaw, Lindemuth & Baker,* for defendant.