## GEORGE AJOOTIAN *vs.* HOUSING BOARD OF REVIEW OF THE CITY OF PROVIDENCE.

JULY 3, 1964.

PRESENT: Condon, C.J., Roberts, Powers and Joslin, JJ.

Joslin, J. This is a petition for certiorari to review a decision of the housing board of review of the city of Providence denying the petitioner's appeal from a compliance order of the city's director of the division of minimum housing standards issued in accordance with the provisions of chapter 1040 of the Minimum-Standards Housing Ordinance. Pursuant to the writ the pertinent papers have been certified to this court.

The petitioner was notified in writing by the director that an examination of a tenanted dwelling house owned by him and located on Wickenden street in Providence disclosed about twenty violations of the ordinance. Thereupon petitioner claimed a hearing before the director or other "proper person" and requested the director to disqualify himself from acting as the hearing officer on the ground that he should not act as both prosecutor and judge in the same proceeding. The director did not pass directly on the request for disqualification but instead, after a hearing at which petitioner was present, in effect ordered compliance with the notice of violation, from which order an appeal was duly prosecuted to the housing board of review.

The board took a view of the premises and at the hearing petitioner, admitting that the premises were "not fit for a dog to live in," asked that enforcement of the order be stayed pending eviction by him of the occupants of the

property. The board denied the appeal, finding that "the occupants occupying the instant premises to be living under overcrowded, substandard and deplorable conditions which in the opinion of the members of the Housing Board of Review is detrimental to the health, safety and welfare of said occupants * * *." It is to review that decision which the board designated as a resolution that this petition for certiorari has been brought.

In issuing the writ we did not act in the exercise of our supervisory jurisdiction over inferior tribunals but rather under P. L. 1956, chap. 3715, the enabling legislation pursuant to which the ordinance was enacted. It is provided in section 18 thereof that any person aggrieved by a decision of the board may present to this court a petition setting forth wherein the decision to be reviewed is illegal in whole or in part and specifying the grounds of illegality.

The petitioner, however, does not point to any illegality in the board's decision but assigns as reason for its quashing that the ordinance in conferring both executive and judicial powers upon the director violates the due process clause of art. XIV of the amendments to the federal constitution and the provisions of the state constitution relative to the division of powers of government and the judicial power. The unconstitutional delegation is found, the petitioner asserts, in subsecs. 3.3, 3.7, and 3.8 of the ordinance wherein it is provided that it is the director who not only issues a notice of violation of the provisions of the ordinance or rules or regulations adopted pursuant thereto but also determines after a hearing as provided for therein whether that notice should be sustained, modified or withdrawn.

The thrust of his contentions, as we understand them, is that the alleged unconstitutional action of the director in exercising both the functions of prosecutor and judge was at least sub silentio approved by the board and that such approval so taints the proceedings before it with

illegality that it should be set aside by us. A consideration of his argument so construed raises the issue of the nature of the proceedings before the board and requires us to determine whether it exercises an appellate jurisdiction or in the alternative reviews de novo compliance orders issued by the director.

To resolve that question we go to the enabling legislation. Although subsec. 5.14 of the ordinance provides that "All hearings of the Housing Board of Review shall be 'de novo'," it does not control. When the local legislature creates an administrative tribunal pursuant to a legislative grant of authority, its function is determined by the legislature and its jurisdiction can neither be enlarged nor restricted by provisions contained in local ordinances. See *Mello* v. *Board of Review*, 94 R. I. 43, 177 A.2d 533.

The controlling statutory provision is contained in sec. 16 of chap. 3715 wherein it is provided that in hearing and deciding appeals from a compliance order issued by the director who is referred to therein as "the enforcing officer," the board "may * * * reverse or affirm wholly or partly, or may modify any order, requirement, decision or determination of the enforcing officer and may make such order, requirement, decision or determination as ought to be made, and to that end shall have all the powers of the enforcing officer from whom the appeal was taken." Moreover, in circumstances where as a result of unusual conditions a literal enforcement of its terms would result in undue hardship, the board in order that substantial justice may be achieved has the additional authority under chap. 3715, sec. 15(b), to vary or modify the ordinance or any rule or regulation adopted pursuant thereto to the end that its spirit shall be observed and the public health, safety, morals and general welfare secured.

Such a latitudinous grant of authority clearly evidences a legislative intention that an alleged violation under the ordinance be heard anew by the board and that the proceed-

ings before it constitute an independent trial or hearing separate and distinct from any antecedent proceeding before the director. In our opinion the clear legislative contemplation was to provide for a de novo rather than an appellate hearing and that the board, endowed as it is not only with all the powers possessed by the enforcing officer but also with full authority to make any determination of the matter deemed by it appropriate to the circumstances, is to act just as if there had been no hearing before the director. *Hallene* v. *Smith,* 98 R. I. 360, 201 A.2d 921.

We return now to the question of whether this petition which seeks a review of the decision of the board reaches beyond it to the alleged unconstitutionality of the original proceedings before the director. The appeal to the board provided a plenary review at which petitioner was afforded and availed himself of the opportunity to present his case fully, to offer matter in extenuation and to argue the merits of his position. That de novo hearing resulted in independent findings and a new decision which superseded the order issued by the director. *Hayes* v. *Joseph E. Seagram & Co.,* 222 Ind. 130; *Wall* v. *Registrar of Motor Vehicles,* 329 Mass. 70; *Neiden Bar & Grill Inc.* v. *Municipal Board of Alcoholic Beverage Control,* 40 N. J. Super. 24.

Assuming without deciding that the duality of the power conferred upon the director was an unconstitutional delegation, it nonetheless is abundantly clear that the action taken by him in nowise affected the jurisdiction of the board to hear and determine the matter de novo. The final hearing in the administrative hierarchy was before the board which acted independently of and as if there had been no antecedent quasi-judicial disposition made by the director. Illegality in a hearing before the director is not before us when we review on certiorari a decision of the board in a cause properly before it. This was the conclusion we reached in

*Hallene, supra,* and although we here are concerned with a different administrative body the same rule obtains.

The petitioner also contends that subsecs. 3.7 and 3.8 of the ordinance violate the due process clause of the federal and state constitutions and are therefore void. His reliance on art. I, sec. 10, of the constitution of this state is clearly inappropriate for we have repeatedly held that clause to be applicable only in criminal prosecutions, *Haigh* v. *State Board of Hairdressing,* 76 R. I. 512, *Thayer Amusement Corp.* v. *Moulton,* 63 R. I. 182, and this even in circumstances where, as in this case, its assistance is invoked in civil proceedings under an enactment which also contains penal sanctions. *Kane* v. *Lapre,* 69 R. I. 330, 334. We consider, therefore, only whether art. XIV of the amendments to the federal constitution applies.

The unconstitutionality arises, petitioner argues, because no hearing was given to him by the director prior to the issuance of the notice of violation and because he has not been guaranteed the right of judicial review. We consider these issues on the assumption that a question of jurisdiction is raised, and that being so what we have already said as to his other contentions is not applicable. The grounds here urged, however, are equally lacking in merit, but for other reasons.

The Minimum-Standards Housing Ordinance was enacted by the local legislature pursuant to statutory authority and in the exercise of the police power. It was purposed upon the establishment of minimum standards for dwellings which by legislative declaration was deemed essential to the protection of the public health, safety, morals and general welfare. It is not a prerequisite to the validity of such an ordinance that a hearing be given to a dwelling house owner as a condition precedent to the commencement of an administrative action having as its purpose the suppression of conditions condemned by the legislation. *Palombo* v. *Housing Board of Review,* 92 R. I. 421, 424.

It is also abundantly clear that provision is made for a review by a court with jurisdiction to determine judicially both on the law and the facts the question of whether petitioner has failed to meet the standards set by the ordinance. A compliance order issued by either the director or the board has no finality and cannot be enforced administratively. Enforcement is solely within the judicial prerogative and comes about when the aid of the judiciary is invoked by the director under subsec. 13.1 of the ordinance upon the failure of a property owner to comply with an administrative directive.

The administrative proceedings are procedural in nature and designed to afford the owner full opportunity to explain or otherwise justify deficiencies in his property. If he should fail in that attempt and then disregard the compliance order administratively issued, resort can be had by the director under subsec. 13.1 of the ordinance to penal or injunctive and abatement proceedings, in which event as we said in *Palombo, supra,* at p. 424, "This provision for ultimate judicial determination of such violations is itself a guaranty of due process."

In our opinion the ordinance is not an infringement of the petitioner's constitutional rights to due process of law.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*George Ajootian,* pro se ipso, petitioner.

*William E. McCabe, David J. Kehoe,* for respondent.