216 A.2d 506.

EDITH M. LEGARE *vs.* FRANK URSO.

JANUARY 24, 1966.

PRESENT: Roberts, C. J., Paolino and Joslin, JJ.

JOSLIN, J. In this action of trespass on the case for negligence to recover damages for personal injuries the defendant's special plea that he had been released from liability was answered in the plaintiff's second amended replication. She alleged in that pleading that the release was invalid because procured by fraud and for the further reason that at the time of its execution both she and the defendant were mutually mistaken as to the nature and extent of her injuries. The case is here on the plaintiff's exception to a ruling of a justice of the superior court sustaining a demurrer to that replication.

The question is whether the invalidating effect of fraud or mutual mistake upon a release may be pleaded in an action at law for negligence. The answer must be found, the parties agree, either in the common-law rules of plead-

ing which prevailed in the superior court prior to January 10, 1966, on which date its new Rules of Civil Procedure became effective, or in G. L. 1956, §9-6-15, which, prior to its amendment by P. L. 1965, chap. 55, sec. 16, permitted the pleading in that court of an equitable defense upon which an unconditional judgment might be rendered for the pleader.

The adoption of the new Rules of Civil Procedure makes it unnecessary for us to enter the controversy. It is provided in Rule 86 that the rules govern in all further proceedings in pending actions save for two specified exceptions neither of which is applicable here. In the circumstances, an affirmance of the ruling sustaining the demurrer would after its remand to the superior court leave the case in a status where that court could within its discretion permit plaintiff to amend her replication. *Hebert* v. *Handy*, 28 R. I. 317; *Bennett* v. *Connery & Co.*, 48 R. I. 350.

If such amendment were permitted, and it is difficult to conceive what ground within the allowable area of sound judicial discretion could be relied on for a denial of such permission, plaintiff would then under Rule 8(e) (2) be allowed to restate her defenses of fraud and mutual mistake "regardless of consistency and whether based on legal or equitable grounds or on both." Such a result would lend assistance to the accomplishment of that procedural union between law and equity which the rules are designed to achieve. See reporter's note to Rule 2.

Notwithstanding plaintiff's claim of a trial by jury, the factual issue of the invalidating effect of fraud or mutual mistake upon the release will not necessarily be tried to a jury together with the issues of liability and damages. This is so because the validity question may within the contemplation of Rule 38(a) be an equitable one and therefore triable to the court, rather than to a jury. On this question there is authority both ways, at least as to fraud, under the federal rules, 2 Barron & Holtzoff, Federal

Practice & Procedure (Rules ed.) §872, p. 27; 5 Moore, Federal Practice (2d ed.) ¶38.20, p. 178. Moreover, in appropriate circumstances the superior court has authority under Rule 42(b) to resolve the question of the validity of the release at a trial separate and apart from that at which the evidence on liability and damages will be heard. 5 Moore, Federal Practice (2d ed.) ¶42.03, p. 1217.

We hold that the second amended replication should be deemed as if filed subsequent to the effective date of the Rules of Practice of the superior court. So considered it is in substance, if not in form, a good pleading under Rule 8(e) (2).

For the reasons indicated, the plaintiff's exception to the ruling sustaining the demurrer is sustained pro forma, and the case is remitted to the superior court for further proceedings.

*Louis B. Cappuccio,* for plaintiff.

*Gunning & LaFazia, Edward L. Gnys, Jr.,* for defendant.