320 A.2d 98.

DAVID TWOMEY *vs.* THE CARLTON HOUSE OF PROVIDENCE,
INC., *d/b/a* THE CARLTON HOUSE INN.

JUNE 4, 1974.

PRESENT: Paolino, Joslin, Kelleher and Doris, JJ.

JOSLIN, J. On January 8, 1973, David Twomey commenced this civil action in the Superior Court to recover damages for personal injuries allegedly sustained on December 18, 1970, when he slipped and fell on an ice patch in the parking area of the defendant's premises. The defendant moved to dismiss the action on the ground that it was barred by the statute of limitations, more than two years having elapsed since Twomey's fall.[1] Twomey's response was that the Legislature, prior to the expiration of that two-year period, had enacted P. L. 1971, ch. 200, which took effect on August 1, 1971, and enlarged the

---

[1]The controlling limitations period affecting injuries to the person in effect when Twomey slipped and his cause of action accrued was G. L. 1956 (1969 Reenactment) §9-1-14 which, in pertinent portion, provided that "[a]ctions for injuries to the person shall be commenced and sued within two (2) years next after the cause of action shall accrue, and not after."

original two-year period to three years.[2] This was the posture of the case when it came before the trial justice. The question for her was whether an action in existence and not barred when the three-year limitations period took effect was required to be commenced within the original two-year period or whether it could be instituted within the new three-year period. The trial justice's answer was that the 1971 amendment did not apply retroactively, and accordingly she dismissed the action as barred by the original two-year limitations period. The plaintiff appealed.

I

The authorities generally agree that a legislature may validly enlarge a period of limitations relating to existing causes of action. See generally Annot., 79 A.L.R.2d 1080, 1082 §3 (1961). The question here, however, is not whether the Legislature had authority to enact the 1971 amendment, but whether that amendment applied prospectively only.

We approach that question mindful that "[t]he general doctrine to be gathered from the decisions, both English and American, is, that the courts consider the language of these statutes of limitation, and made them retrospect, or otherwise, as the intention of the legislature is to be gathered from their language * * *." *Fiske* v. *Briggs,* 6 R. I. 557, 563-64 (1860). Consonant with that doctrine, we examine at the outset the language used by the Legislature. It expressed the limitations period as being "within three (3) years next after the cause of action shall accrue," a phrase which is hardly the equivalent of language such as

---

[2]Public Laws 1971, ch. 200, provided in pertinent part that "[a]ctions for injuries to the person shall be commenced and sued within three (3) years next after the cause of action shall accrue, and not after." It also included a section which read "Sec. 2. This act shall not be applied retroactively."

"shall have accrued" or "next after such action accrued." The phrasing selected by the Legislature clearly contemplated a future event occurring after the amendatory act became effective, whereas the language with which we have compared it can operate upon past as well as future actions. *Rotchford* v. *Union R. R.*, 25 R. I. 70, 54 A. 932 (1903).

As a further basis for holding that the act referred only to such actions as might thereafter accrue, we follow the court in *Rotchford* in relying upon the "* * * familiar rule of construction that statutes of limitations are held to be prospective only in their operation, unless by their express terms or by necessary implication they shall be held to express the legislative intent that a retroactive effect is to be given to them." *Id.* at 72, 54 A. at 933.[3]

To the foregoing observations, we add that the 1971 amendment, unlike the limitations provision in *Rotchford*, contains an express direction that it "shall not be applied retroactively." If that language were the sole indicator of legislative intent, it might perhaps be susceptible of various constructions. But it does not stand alone, and, in the context of what we have already said, to derive therefrom a legislative intention that the 1971 amendment apply to causes of action accruing before its effective date would indeed be a forced construction.

Finally, there is a presumption that the Legislature was aware of the decision in *Rotchford* and of the case's subsequent approval in *Hester* v. *Timothy*, 108 R. I. 376, 382,

---

[3]Some courts, however, subscribe to the view that limitations laws, because they are procedural and apply only to the remedy, should be construed as retrospective unless the amendatory language expressly provides otherwise. *Mulvey* v. *Boston*, 197 Mass. 178, 83 N.E. 402 (1908); *Clark* v. *Kansas City, St. L. & C. R.R.*, 219 Mo. 524, 118 S.W. 40 (1909); *see Evelyn, Inc.* v. *California Employment Stabilization Comm'n*, 48 Cal.2d 588, 311 P.2d 500 (1957).

275 A.2d 637, 640 (1971).[4] Its long acquiescence in that construction clearly warrants our assumption that it approved thereof. *Mercurio* v. *Fascitelli,* 107 R. I. 511, 516, 268 A.2d 427, 430 (1970); *Henry* v. *John W. Eshelman & Sons,* 99 R. I. 518, 209 A.2d 46 (1965).

On the basis of the foregoing considerations, we are of the opinion that the trial justice was correct when she found that the 1971 amendment did not assist plaintiff, and that his cause of action was barred by reason of not having been commenced within two years next after it accrued.

## II

What we have already said would obviate the need for any further discussion, had not the Legislature, during the pendency of the appeal to this court, amended the portion of the 1971 act which directed that it should not be applied retroactively. That directive now reads: "This act shall apply retroactively to those actions which had accrued less than two years prior to August 1, 1971. Otherwise it shall apply prospectively." Public Laws 1973, ch. 162.

The parties agree that the Legislature intended by this amendment to revive causes of action specified therein, including the present action, even though the right to sue thereon had lapsed. Consequently, the issue is not what the Legislature intended, but whether it exceeded its pre-

---

[4]The *Rotchford* court refused to give retroactive effect to an amendment which, although substantially identical to that in this case, shortened rather than lengthened the limitations period. For that reason, the decision could have been premised on the necessity of construing the amendatory legislation so as not to deprive a party having an existing cause of action of a reasonable opportunity to bring suit before the shortened ban took effect. *Fiske* v. *Briggs,* 6 R. I. 557, 563-64 (1860). Instead, the *Rotchford* court opted—as we do in this case—to rely upon the underlying legislative intention demonstrated by the selection of the words "shall accrue" and upon the constructional preference for prospectivity.

rogative when it restored a remedy to an injured plaintiff and divested an alleged tortfeasor of his defense. That was the issue in *Campbell* v. *Holt,* 115 U. S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), where a divided Supreme Court held that a state legislature may restore a barred remedy without violating the Federal Constitution. Sixty years later, the Court unanimously reaffirmed that holding in *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945), saying that:

> "In *Campbell* v. *Holt, supra,* this Court held that where a lapse of time has not invested a party with title to real or personal property, a state legislature, consistently with the Fourteenth Amendment, may repeal or extend a statute of limitations, even after right of action is barred thereby, restore to the plaintiff his remedy, and divest the defendant of the statutory bar. This has long stood as a statement of the law of the Fourteenth Amendment * * *." *Id.* at 311-12, 65 S.Ct. at 1141, 89 L.Ed. at 1634.

The majority and minority opinions in *Campbell* of Justices Miller and Bradley, respectively, are representative of the opposing views. The majority's thesis is that the running of the general statute of limitations applicable to a suit on a common law right not involving title to real or personal property does not affect a plaintiff's right, but bars his remedy and then only if the defendant elects to rely on that bar;[5] that historically, limitations

---

[5]We are not faced here with a statute which both creates a new right unknown to the common law and puts a period to that right's existence, as in *William Danzer & Co.* v. *Gulf & S. I. R.R.,* 268 U. S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925), and *Tillinghast* v. *Reed,* 70 R. I. 259, 38 A.2d 782 (1944). The limitations provision in that situation is considered to extinguish the right rather than just the remedy, and the *Campbell* rationale would be inapplicable. *See Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 312 n.8, 65 S.Ct. 1137, 1141 n.8, 89 L.Ed. 1628, 1634-35 n.8 (1945).

The opinions in *Tillinghast, supra,* and the early case of *Crocker* v. *Arey,*

periods are legislative creations which came into being as a matter of public policy in order to spare the courts from deciding stale claims and the citizen from defending after recollections had dimmed, perishable evidence vanished and witnesses disappeared;[6] and that a legislative removal of the statutory obstruction to the use of a remedy lost through the mere lapse of time is not per se offensive to the fourteenth amendment.

Mr. Justice Bradley disagreed. He reasoned that an immunity from prosecution in a suit, whether by reason of a statutory bar or otherwise, is as valuable a right to one party as the right to prosecute that suit is to the other; that therefore the opportunity to defend on statute of limitations grounds is a vested right protected against legislative deprivation by due process concepts; and that even if that opportunity is not deemed a vested right, but only a remedy, it is no less entitled to constitutional protection.

Mr. Justice Bradley's views on the issue have been widely accepted by the state courts. *E.g., Wasson* v. *State ex rel. Jackson,* 187 Ark. 537, 60 S.W.2d 1020 (1933); *Board of Educ.* v. *Blodgett,* 155 Ill. 441, 40 N.E. 1025 (1895); *Eingartner* v. *Illinois Steel Co.,* 103 Wis. 373, 79 N.W. 433

---

3 R. I. 178 (1855), appear to accept the established rule that géneral statutes of limitations, like the one here,

"* * * are intended to affect the remedy only, and not the contract or right of action. They simply provide that the courts of the State enacting such laws, shall not adjudicate upon and enforce claims or rights of action after the lapse of such periods of time as they respectively prescribe. But they do not assume to extinguish the right. Having the right of action, the plaintiff is at liberty to sue in any other court which is permitted to entertain jurisdiction and enforce his right." 3 R. I. at 179.

[6]For a more complete discussion of the concept of the statute of limitations, see *Wilkinson* v. *Harrington,* 104 R. I. 224, 234-39, 243 A.2d 745, 751-53 (1968).

(1899); Annots., 133 A.L.R. 384 (1941), 67 A.L.R. 297 (1930), 36 A.L.R. 1316 (1925). We, too, would be inclined to follow his approach were it not that our due process clause — art. I, sec. 10, of the state constitution — applies only to the rights of persons accused in criminal prosecutions and not in civil cases. *Avella* v. *Almac's Inc.,* 100 R. I. 95, 99-102, 211 A.2d 665, 668-70 (1965); *Ajootian* v. *Housing Bd. of Review,* 98 R. I. 370, 375, 201 A.2d 905, 908 (1964); *Creditors' Service Corp.* v. *Cummings,* 57 R. I. 291, 302-03, 190 A. 2, 10 (1937).[7]

Thus, there were no federal or state constitutional restraints on the Legislature's right to restore a remedy barred by the passage of time. That left it free to enact P. L. 1973, ch. 162, and thereby revive plaintiff's action.[8]

### III

That it was within the Legislature's power to revive plaintiff's cause of action is not, however, dispositive. The 1973 enactment did not take effect until after judgment had been rendered below and the case was pending in this court on appeal. Thus, a final conclusion turns on whether we should decide and dispose of the judgment appealed from according to the law in effect when it was rendered,

---

[7]In *Avella* v. *Almac's Inc.,* 100 R. I. 95, 99-102, 211 A.2d 665, 668-70 (1965), we discussed at some length the limited construction placed upon the due process provision of art. I, sec. 10. We noted the tangential attacks made upon it by several of our decisions, starting with *Reynolds* v. *Randall,* 12 R. I. 522, 525-26 (1880), but expressly declined to depart from the settled construction when a constitutional convention was sitting with full power to propose changes in our organic law. That convention and a subsequent one have since concluded their deliberations without expanding the reach of that due process provision, and no argument has been advanced here that we should do so.

[8]The sole constitutional violation claimed is that of due process. Had defendant also argued a violation of equal protection, we would follow the Supreme Court's rejection of that argument in *Chase Securities Corp.* v. *Donaldson,* 325 U. S. 304, 309 n.5, 65 S.Ct. 1137, 1140 n.5, 89 L.Ed. 1628, 1633 n.5 (1945).

or according to that which now prevails, even though to follow the latter course necessitates the reversal of a judgment which was correct when rendered.

There is, as might be suspected, much conflict of authority on this question. At least some of that conflict is explainable by the difference in the statutes or by the character of the actions. *See* Annot., 111 A.L.R. 1317, 1318 (1937). Thus, by way of illustration, a cursory examination of our own cases reveals that we have applied the law prevailing at the time of our decisions when the appeals involved zoning matters,[9] or rules of civil procedure.[10]

On the other hand, in a case involving the substantive issue of whether or not commissions received by a real estate salesman were subject to the employment security tax, we have applied the law in effect when the judgment was rendered, even though contrary to that prevailing at the time of our decision.[11]

Neither those illustrations nor cases elsewhere appear to establish a clear test for determining what law controls. The tendency of the authorities is, however, to apply the law prevailing at the time of the appellate decision whenever it is clearly retrospective in terms or in effect. *See generally* Annot., 111 A.L.R. 1317, 1337-41 (1937). Illustrative of this approach, on facts close to those before us, is *Robinson* v. *Robins Dry Dock & Repair Co.*, 238 N. Y. 271, 144 N.E. 579 (1924), *appeal dismissed for want of jurisdiction*, 271 U. S. 649, 46 S.Ct. 636, 70 L.Ed. 1131-32

---

[9]*Goodman* v. *Zoning Bd. of Review*, 105 R. I. 680, 682-83, 254 A.2d 743, 745 (1969); *A. Ferland & Sons* v. *Zoning Bd. of Review*, 105 R. I. 275, 251 A.2d 536 (1969).

[10]*King* v. *Brown*, 102 R. I. 42, 45-46, 227 A.2d 589, 591-92 (1967); *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 10, 227 A.2d 582, 583-84 (1967); *Legare* v. *Urso*, 100 R. I. 391, 216 A.2d 506 (1966).

[11]*H. J. Bernard Realty Co.* v. *Director of Employment Security*, 104 R. I. 651, 654, 248 A.2d 245, 246 (1968).

(1926). There, the lower courts had ruled against the plaintiff in an action for wrongful death because it was not commenced within the two-year limitations period which then applied. Following the rendition of those judgments, and while the case was pending before the Court of Appeals, a new statute was enacted extending the time for bringing suit for an additional year. The question on appeal was whether the extension could destroy a limitations defense which was valid when interposed and when decided in the lower courts. The court's answer was that

> "* * * both reason and the weight of authority seem to point to the view that where a statute which is clearly intended to be retroactive and to apply to pending litigation is enacted after judgment and pending appeal, the appellate court may dispose of the case in accordance with the law as changed by the statute." *Robinson, supra* at 281, 144 N.E. at 582.

What the New York Court of Appeals said in *Robinson* applies with equal force here. Public Laws 1973, ch. 162, was obviously enacted solely to permit an action by a party who otherwise had become remediless by reason of lapse of time. This manifest legislative intent to give retroactive effect to the limitations enlargement requires us to adjudicate the case according to the law now existing, and the prior judgment, although correct when rendered, must therefore be set aside.

In sum, then, the plaintiff's action, although barred by the statute of limitations in effect when commenced, and not assisted by the 1971 amendment, was nonetheless revived by the 1973 amendment, which we apply even though its enactment postdated rendition of the judgment we review.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remitted to the Superior Court for further proceedings.

274

Mr. Chief Justice Roberts did not participate.

*Adler, Pollock & Sheehan Incorporated, George L. Vizvary,* for plaintiff.

*Gunning, LaFazia, Gnys & Selya, J. Renn Olenn, Richard T. Linn,* for defendant.