335 A:2d 632.

EDWARD A. SULLIVAN, JR. *et al. vs.*
DOROTHY M. SPICER *et al.*

MARCH 27, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J. On March 19, 1973, the plaintiffs, Edward A. Sullivan, Jr. (Sullivan), and Lighting Service of Rhode Island, Inc. (Lighting Service), commenced this civil action against the defendants Dorothy M. Spicer, Meredeth DeBritto and Thomas W. Pearlman, Esquire, in their capacities as executors of the estate of Lorenzo Spicer, who died on January 3, 1972. It involves an accident on August 13, 1970, between a motor vehicle operated by the plaintiff Sullivan and owned by Lighting Service of

Rhode Island, Inc., and one owned and operated by Lorenzo Spicer. The plaintiffs seek damages for personal injuries suffered by Sullivan and property damage caused to the vehicle owned by Lighting Service.

In the court below, defendants filed a motion for summary judgment pursuant to Super. R. Civ. P. 56 on the ground that there was no genuine issue of fact and that they were entitled to judgment as a matter of law. The trial justice treated it as a motion to dismiss and granted the same with respect to Sullivan's claim for personal injuries. He held that the applicable statute of limitations was G. L. 1956 (1969 Reenactment) §9-1-14 as it read before its amendment by P. L. 1971, ch. 200 and P. L. 1973, ch. 162. Prior to its amendment, §9-1-14 provided for a 2-year statute of limitations in personal injury actions, and subsequent to its amendment it provided for a 3-year statute of limitations in such actions.

In applying the 2-year statute of limitations, the trial justice also looked to §9-1-21, which allows for an extended period for bringing an action against the executors. As we have stated above, he held that the 2-year period applied and he found that the 2-year statute of limitations had run prior to the commencement of this action. Accordingly, he granted defendants' motion to dismiss as to plaintiff Sullivan. The case is before us on the appeal of plaintiff Sullivan from the judgment granting defendants' motion to dismiss.[1]

The plaintiff's contention that the trial justice erred in holding that the 2-year statute applied to his action has merit. The trial justice's decision in the case at bar was

---

[1]The record indicates that both plaintiffs appealed to this court. The record, however, was corrected on February 19, 1974, to reflect what actually occurred in the Superior Court, namely, that judgment was entered for the defendants against the plaintiff, Sullivan, only. Hence, we treat this case as the appeal of plaintiff Sullivan.

made prior to the filing of our opinion in *Twomey* v. *Carlton House of Providence, Inc.,* 113 R. I. 264, 320 A.2d 98 (1974). In *Twomey,* we held that the 3-year statute of limitations provided for in §9-1-14, as amended by P. L. 1973, ch. 162, shall apply to any cause of action for personal injuries which had accrued less than 2 years prior to August 1, 1971, and that otherwise it shall apply prospectively.

*Twomey* is dispositive of plaintiff's appeal. We find no merit in defendants' statement during oral argument that *Twomey* is distinguishable from the case at bar in "one small respect," namely, the death of Lorenzo Spicer. This is a distinction without any legal consequences. Consequently, the 3-year statute is applicable to plaintiff's action, and, since he commenced the same on March 19, 1973, he was within the applicable period of time. His action would not have been barred until after August 13, 1973, and, therefore, it was error to dismiss plaintiff's complaint.

In the court below as well as in their brief, the defendants contend that the plaintiff's appeal should be dismissed because of his failure to file a transcript in this court as required by Super. R. Civ. P. 75(b). However, during oral argument before this court, the defendants' counsel expressly waived this question and, therefore, we need not discuss it further.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings.

Petition for reargument denied for reason stated in order dated April 15, 1975.

*Letts, Quinn & Licht, Alan S. Flink,* for plaintiff Edward A. Sullivan, Jr.

*Gunning, LaFazia, Gnys & Selya, J. Renn Olenn, Richard T. Linn,* for defendants.