368 A.2d 570.

PAUL SKABA AND MARY SKABA *vs.* JOHN CAPASSO, TOWN OF NORTH PROVIDENCE AND JOSEPH A. PISATURO.

FEBRUARY 1, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

BEVILACQUA, C. J. This civil action for damages was brought as a result of a head-on automobile collision between the plaintiff, Mary Skaba, and the defendant, John Capasso, on September 18, 1973. On October 16, 1973, the plaintiffs filed a complaint against John Capasso, and in January 1975, they successfully moved to amend their complaint to add as the defendants, the town of North Providence and Joseph A. Pisaturo, the traffic officer for North Providence. In response to the amended complaint, the defendants, town of North Providence and Joseph A. Pisaturo, moved to dismiss on several grounds. The trial justice granted their motion to dismiss, finding that the amended complaint against these two defendants was barred by the statute of limitations. The plaintiffs appealed from the granting of the motion to dismiss.

The plaintiffs failed to file their cause of action against Joseph A. Pisaturo and the town of North Providence within the 1-year statute of limitations prescribed by G. L. 1956 (1969 Reenactment) §9-1-25, as amended by P. L. 1970, ch. 181, §1, the law in effect at the time their cause of action accrued. On May 8, 1974, before the 1-year statutory period had run on plaintiffs' cause of action, the Legislature amended this statute, enlarging the time period to 2 years. Public Laws 1974, ch. 188, §1. The plaintiffs claim that the Legislature intended this amended statute to apply retroactively to preexisting causes of action not already barred at the time of the amendment. Thus, the sole question presented on appeal is whether the 1974 amendment to §9-1-25, which extended the statute of limitations in

514

suits against a municipality from 1 to 2 years, was intended by the Legislature to apply retroactively.

The law on this particular issue is well-settled in Rhode Island. In *Hester* v. *Timothy*, 108 R.I. 376, 382, 275 A.2d 637, 640 (1971), this court stated:

> "Long ago we cited the familiar rule of construction that statutes of limitations are to be held to be prospective only in their application unless by their express terms or necessary implication they shall be held to express a legislative intent that retroactive effect is to be given them. *Rotchford* v. *Union R.R.*, 25 R.I. 70, 54 A. 932."

Recently, in *Twomey* v. *Carlton House of Providence, Inc.*, 113 R.I. 264, 320 A.2d 98 (1974), this court reiterated the above rule of statutory construction; in addition, we noted that there is a presumption that the Legislature was aware of our prior decisions and that: "Its long acquiescence in that construction clearly warrants our assumption that it approved thereof." *Id.* at 268, 320 A.2d at 100.

The 1974 amendment to §9-1-25 provides in pertinent part that "the said action shall be instituted * * * within two (2) years of the accrual of any claim of tort." We fail to find from an examination of this language any legislative intent either directly expressed or necessarily implied that the statute is to be applied retroactively. Consequently, we hold that the statute at issue applies only to causes of action accruing after May 8, 1974.

The plaintiffs contend that since the 1974 amendment repealed the prior statute, if the amendment is applied prospectively only, there would be no statute of limitations for causes of action arising prior to and not barred at the time of the amendment. Clearly the 1974 amendment repealed the earlier provisions of §9-1-25. However, G. L. 1956 (1970 Reenactment) §43-3-22 provides that:

15

"The repeal of any statute shall in no case affect any act done, or any right accrued, acquired or established, or any suit or proceeding had or commenced in any civil case before the time when such repeal shall take effect."

It follows that although the 1974 amendment to §9-1-25 repeals the 1-year statute of limitations and applies prospectively only, §43-3-22 provides that causes of action which accrued prior to the effective date of the amendment shall continue to be governed by the 1-year statute of limitations. *Rotchford* v. *Union R.R.*, 25 R.I. 70, 72, 54 A. 932, 933 (1903).

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to Superior Court for further proceedings.

*Feiner, Winsten & Greenwald, Edward E. Dillon, Jr.*, for plaintiffs.

*Robert S. Ciresi*, for defendants.