Jerome B. SPUNT

v.

OAK HILL NURSING HOME, INC.

No. 83-558-Appeal.

Supreme Court of Rhode Island..

May 21, 1986.

Susan Carlin, Mandell, Goodman, Famiglietti & Schwartz, Providence, for plaintiff.

Seth Bowerman, Hanson, Curran & Parks, Providence, Arlene Violet, Atty. Gen., Stephen J. Mignano, Sp. Asst. Atty. Gen., for defendant.

## OPINION

SHEA, Justice.

This case is before the court on appeal from a dismissal of a wrongful-death action as being time barred. On November 23, 1982, the plaintiff Jerome Spunt, executor of the estate of decedent David Spunt, filed a complaint in Superior Court for wrongful death and personal injury against the defendant Oak Hill Nursing Home, Inc. (Oak Hill). On August 1, 1983, Oak Hill filed a motion to dismiss the plaintiff's complaint on the ground that it was barred by provisions of the wrongful-death act in effect at the time of decedent's death. The trial justice granted Oak Hill's motion to dismiss. We reverse.

The plaintiff asserts that as a result of the negligent treatment and care provided by Oak Hill, decedent developed a decubitis ulcer on his right leg and that this condition led to the amputation of the ulcerated leg, which ultimately caused decedent's death on May 20, 1980. The pivotal dates in the case are the date of decedent's death and November 23, 1982, which is the date the complaint was filed. At the time of decedent's death the wrongful-death statute of limitations provided that all actions "shall be commenced within two (2) years after the death of such person." General Laws 1956 (1969 Reenactment) §§ 10–7–2 and 10–7–7. While the clock was still ticking on the two-year limitation period, the wrongful-death statute was amended to extend the limitation period to three years from the date of death.[1]

The sole question presented is whether this amendment applies to a cause of action that was not time barred at the time that the new limitation period took effect. The general rule is "that statutes of limitations are held to be prospective only in their operation, unless by their express terms or by necessary implication they shall be held to express the legislative intent that a retroactive effect is to be given to them." *Rotchford v. Union Railroad Co.*, 25 R.I. 70, 72, 54 A. 932, 933 (1903).[2] *See Spagnoulo v. Bisceglio*, 473 A.2d 285 (R.I.1984); *Richtmyer v. Richtmyer*, 461 A.2d 409 (R.I.1983). Therefore, we would ordinarily look to the statutory language to ascertain the legislative intent with respect to when the statutory modification of the limitation period is effective.

In this case, however, we need not look to the language of the statute that extended the limitation period, because during the pendency of the appeal to this court, the Legislature enacted P.L.1984, ch. 410, §§ 2 and 3. That statute clearly states the intent of the Legislature at the time it extended the limitation period for wrongful-death claims from two years to three years. The act reads in pertinent part:

"An Act Relating To Causes Of Action

\*　　\*　　\*　　\*　　\*　　\* \* \* \*

Section 2. Chapter 43–3 of the general laws entitled 'Construction and Effect of Statutes' is hereby amended by adding the following section thereto:

43–3–22.1. Enlargement of statutes of limitation—Effect on actions not yet ex-

---

1. General Laws 1956 (1969 Reenactment) §§ 10–7–2 and 10–7–7 were amended on May 12, 1981, by P.L.1981, ch. 101, § 1, which provided that all actions "shall be commenced within three (3) years after the death of such person."

2. This court has noted that some jurisdictions construe limitation laws, because of their procedural nature and limited remedial application, as applying retrospectively unless the amendatory language expressly provides otherwise. *Twomey v. Carlton House of Providence, Inc.*, 113 R.I. 264, 320 A.2d 98 (1974).

pired.—Whenever any time limitation for the commencement of any cause of action is enlarged, such amendment shall be construed to enlarge to the new time limitation all of those causes of action which accrued within the new limitation of time.

Section 3

\*     \*     \*     \*     \*     \*

*Section 2 of this act shall take effect upon passage and shall apply to all cases adjudicated on or after the date of passage."* (Emphasis added.)

In *Twomey v. Carlton House of Providence, Inc.,* 113 R.I. 264, 320 A.2d 98 (1974), this court was faced with a similar situation. In *Twomey* the trial justice determined that an amendment of a limitation period did not apply retroactively because of the manifest legislative intent that it not. While that case was pending on appeal, however, the Legislature amended that portion of the statute which directed that it should not be applied retroactively and specifically mandated that it should be so applied. In determining that this subsequent modification is controlling, the court said that "[t]his manifest legislative intent to give retroactive effect to the limitations enlargement requires us to adjudicate the case according to the law now existing \* \*." *Id.* at 273, 320 A.2d at 103.

In the present case the enactment of P.L.1984, ch. 410, §§ 2 and 3, is also controlling. It clearly sets forth the legislative intent that the extension of the wrongful-death limitation period was to be given retroactive effect. This eliminates the need to turn to the rules of statutory construction. The Legislature's subsequent declaration of its intent in P.L.1984, ch. 410, §§ 2 and 3, establishes that the extension of the limitation period was intended to apply to those actions that were neither time barred nor finally adjudicated at the time that the new limitation period went into effect.

David Spunt died in May of 1980. The statute of limitations at that time was two years for a wrongful-death action, thereby allowing the executor of his estate until May of 1982 to file suit. In May of 1981, the Legislature enlarged the limitation period to three years, thereby allowing the executor until May of 1983 to file suit. This cause of action was commenced within the enlarged three-year period.

■ It is clear that this case will not be finally adjudicated until this court renders its decision or at such time that the issues to be addressed are resolved. An adjudication is a final judgment, whether it is a judgment entered in the trial court from which no appeal is taken or a judgment that is affirmed by this court after consideration and rejection of plaintiff's contentions. *Welch Manufacturing, Division of Textron, Inc. v. Pinkerton's Inc.,* 494 A.2d 897 (R.I.1985). Although the trial justice entered an order dismissing plaintiff's complaint, an appeal was taken that was pending at the time that the new limitation period went into effect; therefore, this case had not been finally adjudicated. Because plaintiff's cause of action was neither time barred nor finally adjudicated at the time the new limitation period took effect, the three-year time period is controlling.

■ Oak Hill argues that recovery under a statutorily created right of action, such as our Wrongful Death Act, may not be revived by a Legislature after it has become barred by the statute of limitations. To do otherwise, it argues, would deprive a party of his or her vested right in a limitations defense without due process of law, in violation of the United States Constitution. That argument is not applicable to this case because at no time was this plaintiff's cause of action time barred. The statutory extension of the limitation period itself and the subsequent enactment of P.L.1984, ch. 410, §§ 2 and 3, read together, provides that the new limitation period applies only to those causes of action that were not time barred at the time that the new limitation period took effect. At the time that the new limitation period took effect, the time for bringing

this cause of action had not yet run under the old limitation period. Consequently, the extension does not act to revive a dead cause of action because the plaintiff's claim was never time barred. Oak Hill's due-process concerns are unjustified in these circumstances.

The plaintiff's appeal is sustained, the order dismissing the plaintiff's cause of action is reversed, the judgment appealed from is vacated, and the case is remanded to the Superior Court for further proceedings.