248 A.2d 245.
H. J. BERNARD REALTY CO., INC. *vs.* DIRECTOR OF EMPLOYMENT SECURITY FOR THE STATE OF RHODE ISLAND AND
THE BOARD OF REVIEW OF THE DEPARTMENT OF EMPLOYMENT SECURITY FOR THE STATE OF RHODE ISLAND.

NOVEMBER 26, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. This is a petition to review the decision of the board of review of the department of employment security which held that real estate salesmen who were associated with the petitioner were its employees. Such a ruling then obligated the petitioner to make contributions to the employment security fund. It is before us on the petitioner's appeal from a decree of the superior court affirming the board's decision and denying and dismissing the petition.

The facts are undisputed. The petitioner corporation is a duly licensed real estate broker which specializes in the sale of real estate in Kent County. It maintains two offices—one in the town of Coventry and the other in the city of Warwick. Working out of these offices are several individuals who have been licensed by the state as qualified real estate salesmen. Each salesman works under an informal agreement whereby no wages or salary are paid to

him by petitioner for his services. The only compensation received by a salesman is an agreed share of a commission obtained from an owner when his property has been sold. The amount received varies according to who obtained the listing and who procured the customer. All commissions are shared with petitioner. A salesman who procures a listing and sells the property receives 55 per cent of the commission with the balance going to petitioner. If the petitioner procures the listing, it receives 55 per cent share of the commission. A salesman who obtains a listing which is sold by one of his colleagues is the recipient of a 10 per cent commission and the balance being divided equally between petitioner and the successful salesman. Each person who works out of petitioner's facilities has full access to all the property which is listed in the offices as being for sale. Any salesman may sell any listed property.

In the course of its business, petitioner provides a salesman with office space, telephone service, stationery and business cards which bear petitioner's name. A salesman may, if he wishes, place his name on the cards. The petitioner's offices are maintained exclusively for the promotion of real estate. All the costs of advertising the property listed with the corporation are borne by petitioner.

A salesman using these offices is completely on his own. He is not required or expected to be in the office during any specific time. One may work or not as he sees fit. The relationship with petitioner can be terminated by either party at any time. A salesman furnishes his own automobile and pays all the costs relating to its use. Any fee due the state for the license to sell real estate is paid by the salesman.

With some of the salesmen, the real estate industry is an endeavor to be pursued on a part-time basis. One salesman worked at petitioner's office evenings and on the weekends. When not searching for a ready, willing and able

buyer, he works five days a week as a meatcutter. Another gentleman is described as dividing his time equally between selling real estate and working for a Warwick credit union.

The petitioner does not withhold any social security or federal income taxes from any commissions it disburses to the salesmen. The sole source of income to a salesman is his share of a commission which is paid upon the completion of the sale. A salesman is not allowed to draw any money as an advance against a commission which he might earn in the future.

The sole issue raised by this appeal is whether or not the commissions received by real estate salesmen are subject to the imposition of the employment security tax as having been paid as "wages" for "employment" as those terms are defined in the Rhode Island Employment Security Act. In 1963 the legislature amended the exempted employment section[1] of the act so as to exclude from its operation a real estate salesman whose sole remuneration is the commission he receives on a sale of property. Nevertheless, in resolving the question before us, we must be guided by the law in effect in 1962 when petitioner initiated its appeal.

The particular portions of the Employment Security Act which are pertinent here consist of several definitions found in the act. They read as follows:

"28-42-3 (7) 'Employment,' subject to the provisions of §§28-42-4 to 28-42-10, inclusive, means service, including service in interstate commerce, performed for *wages* or under any contract of hire, written or oral, express or implied." (italics ours)

"28-42-3 (17) 'Wages' means all remuneration paid for personal services, on and after January 1, 1940, including commissions and bonuses * * *."

"28-42-7. Independent contractor and employee distinguished.—Services performed by an individual for wages shall be deemed to be employment subject to

---

[1]P. L. 1963, chap. 146, now cited as G. L. 1956, §28-42-8(13), as amended.

chapters 42 to 44, inclusive, of this title unless and until it is shown to the satisfaction of the director that—

"(1) such individual has been and will continue to be free from control or direction by another with respect to the performance of such services, both under his contract of service and in fact; and

"(2) such service is either outside the usual course of the business for which such service is performed or such service is performed outside of all the places of business of the enterprise for which such service is performed; and

"(3) such individual is customarily engaged in an independently established trade, occupation, profession or business."

The respondent board ruled that since the salesmen received wages for services rendered, it was petitioner's burden to prove that it came within the statutory definition of an independent contractor as set forth in the provisions of §28-42-7. The board then ruled that petitioner had not sustained its burden and classified the salesmen as employees whose wages were subject to the tax. In our opinion, the board erred in taking this position.

This court in *Mount Pleasant Cab Co.* v. *Rhode Island Unemployment Compensation Bd.,* 73 R. I. 7, 53 A.2d 485, discussed the definitions which are set forth in this opinion. There we held that the board must first find that the service which is rendered falls within the definition of the term employment before it must be "shown to the satisfaction of the director" that the employment is within the exclusionary provisions of §28-42-7.

In *Mount Pleasant Cab Co., supra,* we held that in absence of any statutory definition, the word "service" was to be given its usual and customary meaning and thereupon cited *Webster's New International Dictionary* (2d ed.), 1946, p. 2288 where it was shown that service was defined as "Performance of labor for the benefit of another, or at

another's command; attendance of an inferior, hired helper * * *." We related this meaning with the statutory definition of wages and declared that term "employment" contemplates a performance of labor using that word in its broadest sense by one individual for the benefit of another or at another's command in return for which the individual rendering services receives "wages."

Having in mind what we said in the *Mount Pleasant Cab Co.* case, it is our opinion that the service or services performed by a person for wages as contemplated by the Employment Security Act must be service performed for an employer with a consequent obligation by the employer to pay the employee for his rendition of the service. If this fundamental relationship is not established by the record, the act has no application.

Here, there is no obligation on the salesmen to perform any service for petitioner, nor is petitioner obligated to pay them for any service rendered. There is no contract of hire expressed or implied. The association of petitioner and its salesmen could be said to be in the nature of a joint venture where each party makes a contribution and performs certain functions which produce a mutually advantageous result. The petitioner contributes its offices, office equipment, personnel and real estate listings. The salesmen contribute their time, effort and the expense of seeking out customers who may wish to buy or sell certain property. Each believes that the arrangement redounds to his benefit. If it should develop that it does not, either party may terminate the relationship. The petitioner is no more the employer of the salesmen than they are its employees. Each performs his function and receives his remuneration not from the other but from a third party. Even though petitioner collects the commission and turns over to the salesmen their portion, it acts merely as a conduit or disbursing agent. If no commission is collected, the loss falls equally

on petitioner and the salesmen. Neither party performs the work of the other. Each is performing his allotted function in a joint enterprise. See *Hammond* v. *South Carolina Employment Sec. Com'n*, S. C., 142 S.E.2d 876.

We, therefore, believe that the real estate salesmen were not in the "employment" of the petitioner within the contemplation of the Rhode Island Employment Security Act. In so holding we are in agreement with the majority of courts who have ruled upon the question. An interesting discussion of the status of real estate salesmen and their relationship with the numerous employment security acts in effect in this country can be found in 29 A. L. R.2d, §6, p. 772. See also Note: *The Wyoming Real Estate Broker* v. *Employment Security Commission*, 19 Wyo. L. J. 70.

The petitioner's appeal is sustained; the decree appealed from is reversed and the case is remanded to the superior court for the entry of a new decree in accordance with this opinion.

*Eugene J. Laferriere*, for petitioner.

*Aaron S. Helford*, for respondent.