**Marilyn Ann POLETTI, Plaintiff-Appellant,**

v.

**ESTATE OF Madyo A. POLETTI, Deceased, Defendant-Respondent.**

No. 35309.

Missouri Court of Appeals,
St. Louis District.
Division Two.

June 4, 1974.

———◆———

Hyman G. Stein and Charles Alan Seigel, St. Louis, B. C. Drumm, Jr., Clayton, for plaintiff-appellant.

Edward E. Murphy, Jr., P. C., Clayton, for defendant-respondent.

GUNN, Judge.

By this decision we decide whether an appeal can be taken to the circuit court from a probate court order directing the administrator of an estate to sell the personal partnership assets of a decedent. We hold that where the purpose of an order to sell personalty is for payment of taxes, claims and expenses, and the personalty is otherwise distributable in kind, no appeal may be taken from the order. We therefore affirm the judgment of the circuit court dismissing the appeal.

The decedent, Madyo A. Poletti, died intestate. His only asset of consequence was a one half interest in a partnership known as Reserve Office Force Co. Under the partnership agreement, the surviving partner had an option to purchase the decedent's interest for the net value of the partnership share according to the balance sheet of the first of January next preceeding the partner's death, plus four percent interest. The surviving partner exercised the option, and according to the balance sheet, the decedent's interest was valued at $32,760.52. Decedent's debts to the partnership and his draw for the year to date of death totaled $11,782.42, leaving the amount of $20,978.10, plus interest, to be paid by decedent's partner according to the interpretation placed by the partner on the partnership agreement.

The administrator-respondent petitioned the probate court for an order to sell decedent's personal property interest in the partnership to the surviving partner for $20,978.10, plus interest, and the probate court granted the petition and ordered the sale as prayed.

Appellant, decedent's daughter and sole heir, appealed the order to sell personal property to the St. Louis County Circuit Court, claiming that the partner did not comply with the terms of the partnership agreement, and sought to set aside the order. The circuit court granted the administrator's motion to dismiss the appeal on the basis that the order to sell personal property was not an appealable order within the meaning of § 472.160 RSMo Supp. 1973,[1] hence this appeal.

Appellant asserts the appealability of the order to sell on two grounds: 1) that it is impossible to distribute the personal estate in kind; 2) that the order of the probate court was a final order. In support of her argument, appellant relies on § 472.160 subd. 1(5) and (15) which provide:

1. Any interested person aggrieved thereby may appeal from the order, judgment or decree of the probate court or of the judge thereof in the following cases:

\* \* \* \* \* \*

(5) On all orders for the sale of personal estate because distribution cannot be made in kind;

\* \* \* \* \* \*

(15) In all other cases where there is a final order or judgment of the probate court under this code except orders admitting to or rejecting writs from probate.

We first scan for statutory authority which will permit appellant's appeal.

Appeals are creatures solely of statute, and where there is no statute allowing an appeal none will be. State ex rel. Travelers Indemnity Co. v. Swink, 440 S.W.2d 152 at 155 (Mo.App.1969).

We find no statutory basis for appellant's appeal in this case, for we determine that subparagraphs (5) and (15) of § 472.160 subd. 1 are not applicable to appellant's situation.

The estate of the decedent is subject to United States Government tax liens aggregating $76,597.30. There are also other claims pending against the estate. Appellant contends that by reason of these liens and claims, the personal property was impossible to distribute in kind within the meaning of § 472.160 subd. 1(5). We disagree. The tax liens do not affect the character of the partnership personalty. The purpose of the order for sale of personal property in this case was to pay taxes, claims and expenses, not because the personalty could not be distributed in kind within the meaning of subparagraph (5). § 472.160 subd. 1(5) cannot, therefore, be construed to allow an appeal where the sale of personalty is to pay taxes, claims and expenses, as opposed to a sale of personalty which by reason of its character prevents its distribution in kind.

Appellant also argues that the order for sale of personalty is a final order and, therefore, is an appealable order within the meaning of § 472.160 subd. 1(15). We are not persuaded by appellant's argument in this regard. A basic tenet of statutory construction is that in enacting legislation, the legislature will not be charged with having done a meaningless act or inserted meaningless words into a statute. State ex rel. Thompson-Stearns-Roger v. Schaffner, 489 S.W.2d 207, 215, (Mo.1973); State ex rel. May Department Stores Company v. Winstein, 395 S.W.2d 525, 527 (Mo.App. 1965). The language of subparagraph (5)

1. Statutory references are to RSMo Supp. 1973.

**852**

"because distribution cannot be made in kind" is a clear limitation on appeals which may be taken from orders for the sale of personalty. It embraces only those orders involving sales of personalty where distribution cannot be made in kind. And we have determined that the personalty here did not fall within the classification of subparagraph (5). Therefore, to find that the order for sale of personal property is final within the meaning of subparagraph (15)—as appellant contends—would render the restrictive language of subparagraph (5) purportless. We do not read subparagraph (15) to eradicate the limitation of subparagraph (5). We also note that there is no restriction on appeals from orders relating to the sale of real estate set forth in § 472.160 subd. 1(6), and if the legislature had intended all orders for the sale of personalty to be appealable, it would not have added the "distribution in kind" restriction. Subparagraph (5) imposes a limitation on the appealability of probate court orders for the sale of personalty. We do not interpret subparagraph (15) as vitiating subparagraph (5). Subparagraph (15) does not include as a final order within its meaning an order to sell personalty for payment of taxes, claims and expenses, which is the case before us. Otherwise, the subparagraph (5) limitation would be meaningless. When a statute enumerates limitations or excludes certain matters from its effect, it is to be construed as excluding all those matters not mentioned. Giloti v. Hamm-Singer Corp., 396 S.W.2d 711, 713 (Mo.1965); DePoortere v. Commercial Credit Corp., 500 S.W.2d 724, 727 (Mo.App.1973). Subparagraph (5) contains a specific limitation as to the type of order for sale of personalty from which an appeal may be taken, and the order here does not fall within the allowable purview of subparagraph (5). The order is not appealable, and the order of the circuit court dismissing the appeal is affirmed.

SMITH, P. J., and McMILLIAN, J., concur.