Tom E. BEAL, Petitioner-Appellant,

v.

INDUSTRIAL COMMISSION and Division of Employment Security, Respondents.

ROY WILLEY, INC., Petitioner-Respondent,

v.

INDUSTRIAL COMMISSION and Division of Employment Security, Appellants.

Nos. KCD 27006, KCD 27548.

Missouri Court of Appeals, Kansas City District.

Dec. 8, 1975.

Motion for Rehearing and/or Transfer to Supreme Court # KCD 27548 Denied Jan. 12, 1976.

Application to Transfer Denied March 8, 1976.

George T. O'Laughlin, Thomas M. Moore, and Miller & O'Laughlin, P. C., Kansas City, for appellant Tom E. Beal in No. 27006.

Lloyd G. Hanley, Jefferson City, for respondent Industrial Commission in No. 27006.

Terry C. Allen, Jefferson City, for respondent Div. of Employment Security in Nos. 27006 and 27548.

Charles B. Fain, Jefferson City, for appellant Industrial Commission in No. 27548.

Thomas J. Downey, Jefferson City, William W. Beckett, Columbia, for respondent Roy Willey, Inc., in No. 27548 and for amicus curiae Missouri Real Estate Assn. in No. 27006.

Before WASSERSTROM, P. J., and DIXON and SHANGLER, JJ.

## PER CURIAM.

Appeal No. 27006 by Tom E. Beal from order affirming decision of the Industrial Commission of Missouri that he became, effective January 1, 1966, an employer subject to the Missouri Employment Security Law, combined (for decision and opinion) with appeal No. 27548 by the Industrial Commission of Missouri and the Division of Employment Security from order reversing and remanding, for proceedings not inconsistent with declarations of law made by the court, decision of the Commission that Roy Willey, Inc., had certain licensed real estate salesmen in "employment" subject to the Missouri Employment Security Law. See Chapter 288, RSMo 1969, Employment Security (the Act).

On February 2, 1968, the Division of Employment Security notified Tom E. Beal, a real estate broker operating under the name Florida Realty Company, that he was an employer subject to the provisions of the Missouri Employment Security Law for the years 1964, 1965, and 1966, and that his commission salesmen and solicitors were employees within the meaning of the Act. He sought redetermination by the Division and, after two hearings, the Division decided that he was an employer subject to the Act as of January 1, 1966. The decision was affirmed by the trial court. Appeal No. 27006 followed.

On May 5, 1972, the Division of Employment Security determined that commission salesmen for Roy Willey, Inc., a real estate brokerage corporation, were performing services in employment under the Act. The

determination was appealed and an appeals referee, after hearing, affirmed the determination. The Industrial Commission of Missouri denied application for further review, thereby adopting the decision of the referee, which decision is the decision of the Industrial Commission for judicial review. *Handley v. State, Division of Emp. Security*, 387 S.W.2d 247, 248 (Mo.App. 1965); § 288.200, RSMo. Upon review, the court found that Willey's salesmen were not in employment within the meaning of the Act, and reversed and remanded the Commission's decision. Appeal 27548 followed.

■ Section 288.210, RSMo 1969, governing judicial review of decisions of the Industrial Commission, provides:

" * * * In any judicial proceeding under this section, the findings of the commission as to the facts, if supported by competent and substantial evidence * * * shall be conclusive, and the jurisdiction of said [circuit] court shall be confined to questions of law."

And, "It is the function of this court * * to determine whether the findings and decision of the Commission are authorized by law and are supported by competent and substantial evidence on the whole record, whether that tribunal could have reasonably made its findings and reached its result upon consideration of all the evidence before it, and whether the circuit court on review properly ruled the issue." *Handley v. State, Division of Emp. Security*, supra, 387 S.W.2d l.c. 251[1]. The court is not bound by the Commission's findings on questions of law; and, in the interpretation of applicable statutes, the court's duty is to determine legislative intent from the words used by applying their plain, natural meaning to promote the object of the Act. *Bussman Mfg. Co. v. Industrial Commission*, 335 S.W.2d 456, 459–460[1–3] (Mo.App.1960); *Crawford v. Industrial Commission*, 482 S.W.2d 739, 741[3, 4] (Mo.App.1972).

In 1966, Tom E. Beal maintained offices at 3706 Broadway, Kansas City, Missouri, and 111 South Meramec, Clayton, Missouri. He engaged clerical office workers, commission telephone solicitors, and commission real estate salesmen in his business. His solicitors worked in his offices and in their homes. They were paid at a rate of $3.00 for each appointment made and $5.00 for each sale resulting from an appointment. They were guaranteed $1.65 per hour. He did not have four or more individuals (excluding salesmen and brokers) in this employment for the required portion of a day in each of twenty different calendar weeks in 1964 and 1965 but, including office workers, solicitors and salesmen, four or more individuals performed services for him for some portion of a day in twenty or more calendar weeks in 1966 and thereafter. Thomas E. Beal had a determination from the United States Department of the Treasury that he was not required to withhold federal payroll tax or to withhold under the Federal Insurance Contributions Act with respect to his salesmen and solicitors. Thomas E. Beal and his salesmen all considered salesmen to be independent contractors. He did not provide office space for his salesmen; however, telephones were available for their use.

Roy Willey, Inc., had eleven licensed salesmen, eight of whom were actively engaged in selling real estate. Such salesmen were associated with Willey, Inc., by contract, the nature of which was to treat the salesmen as independent contractors. Willey, Inc., maintained an office in Columbia, Missouri, in the conduct of its business, and made available desks and telephones for the convenience of its salesmen in addition to other desks and telephones for use of its nonsales persons and officers. Willey, Inc., also withheld no federal or state income and social security taxes and maintained no workmen's compensation insurance.

The remainder of the pertinent facts are common to both Thomas E. Beal and Roy Willey, Inc.: Real estate salesmen were not required to spend any time in the office or to attend meetings; services were generally performed outside the office, sales were usually closed in homes and the contracts brought to the broker or broker's office where the transactions were completed and salesmen received their commissions; sales-

men were not reimbursed for expenses, nor were they furnished automobiles, drawing accounts, or expense accounts; salesmen were not required to make any certain number of calls, nor were sales quotas established; compensation was solely by commission on completed sales; salesmen had no specific hours and could engage in other occupations.

Pertinent sections of the Missouri Employment Security Law are:

288.032. "Employer" means:

"(1) Any employing unit which for some portion of a day, in each of twenty different calendar weeks, within a calendar year, had in employment, but not necessarily simultaneously, four or more individuals * * *."

288.034. "Employment" means:

"(1) Service, including service in interstate commerce, performed for wages or under any contract of hire, * * *.

"(2) The term 'employment' shall include an individual's entire service, performed within or both within and without this state if

"(a) The service is localized in this state; * * *

* * * * * *

"(5) Service performed by an individual for wages shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that

"(a) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(b) Such service is either outside the usual course of the business for which such service is performed or that such service is performed outside of all places of business of the enterprise for which such service is performed; and

"(c) Such individual is customarily engaged in an independently established trade, occupation, profession or business."

"288.036. 'Wages' means all remuneration payable or paid, for personal services including commissions and bonuses and the cash value of all remuneration paid in any medium other than cash."

Effective October 13, 1965, Subsection (5), Section 288.034 was amended to read:

"Irrespective of the usual tests for determining the existence of the independent contractor relationship as at common law, service performed by an individual for wages shall be deemed to be employment subject to this law unless it is shown to the satisfaction of the division that [See (a), (b), (c) above]."

Also pertinent are certain sections from Chapter 339, RSMo. 1969, "Real Estate Agents and Brokers":

339.010. "1. A 'real estate broker' is any person, copartnership, association or corporation, foreign or domestic, who advertises, claims to be or holds himself out to the public as a real estate broker or dealer and who for a compensation or valuable consideration, as whole or partial vocation, sells or offers for sale, buys or offers to buy, exchanges or offers to exchange the real estate of others; or who leases or offers to lease, rents or offers for rent the real estate of others; or who loans money for others or offers to negotiate a loan secured or to be secured by a deed of trust or mortgage on real property.

"2. A 'real estate salesman,' within the meaning of this chapter, is any person, who for a compensation, or valuable consideration becomes associated, either directly or indirectly with a real estate broker to do any of the things above mentioned, as a whole or partial vocation."

339.020. "It shall be unlawful for any person, copartnership, association or corporation, foreign or domestic, to act as a real estate broker or real estate salesman, or to advertise or assume to act as such without a license first procured from the Missouri real estate commission."

339.150. "No real estate broker shall pay any part of a fee, commission or

other compensation received by the broker to any person for any service rendered by such person to the broker in buying, selling, exchanging, leasing, renting or negotiating a loan upon any real estate, unless such a person is a licensed real estate salesman regularly associated with such broker, or a licensed real estate broker, or a person regularly engaged in the real estate brokerage business outside of the state of Missouri."

Appellant Beal (No. 27006) charges the court erred in affirming the decision of the Industrial Commission, asserting and arguing: (A) that under the controlling case law, *A. J. Meyer & Co. v. Unemployment Comp. Commission*, 348 Mo. 147, 152 S.W.2d 184 (1941), the evidence shows that his real estate salesmen and solicitors were not in employment subject to the Missouri Employment Security Law because of a lack of a necessary employer-employee relationship, due to a lack of control exercised by him over his salesmen; (B) that the 1965 amendment to Section 288.034(5), supra, "strictly construed," does not change the applicability of prior decisions, notably *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, *Handley v. State, Division of Emp. Security*, supra and *National School of Aero. v. Division of Employment Sec.*, 226 S.W.2d 93 (Mo.App.1950), to the effect that persons similar to his real estate salesmen and solicitors are not within the meaning of the Act; and (C) that the findings of the Commission are contrary to the evidence in that the Commission used a test of "economic dependency" to determine that his salesmen did not satisfy the requirement for exclusion from the Act in Section 288.-034(5)(c), and in that "there is absolutely no substantial and competent evidence [of control] to support finding the solicitors * * within the coverage of the Act."

Respondents Industrial Commission and Division of Employment Security (No. 27006) take the position (I and II) that the court did not err in affirming the decision of the Commission because it was supported by the substantial and competent evidence on the whole record; (III) that the Missouri

Real Estate Law, Chapter 339 RSMo.1969, is properly for consideration in resolution of the issues; and (IV) that the Act, by its provisions and under case law, Section 288.-020.2, RSMo., *Donnelly Garment Co. v. Keitel*, 354 Mo. 1138, 193 S.W.2d 577, 579 (1946), must be liberally construed to accomplish its purpose of promoting employment security and, by such construction, ascertain the intent of the legislature from the plain and rational meaning of the language used.

In reply, appellant Beal again charges the court erred (I) in affirming the decision of the Industrial Commission now asserting and arguing (A) that the evidence "requires the conclusion" that the relationship between his salesmen and him was that of joint venturers, as in *H. J. Bernard Realty Co. v. Director of Employment Security*, 104 R.I. 651, 248 A.2d 245 (1968), and therefore was not subject to the Act; (B) that the 1965 amendment to Section 288.034(5), quoted above, did not create a new "economic dependence" test for determining whether an individual is covered by the Act; (C) that Chapter 339 RSMo. had no application to questions of coverage by the Missouri Employment Security Law. Appellant Beal contends also in reply (II) that specific exclusion of commission insurance salesmen from coverage under the Act does not require inclusion of commission real estate salesmen "by way of negative implication."

Appellant Beal is joined by *amicus curiae* Missouri Real Estate Association (now Missouri Association of Realtors). Counsel for *amicus curiae* is also counsel for respondent Roy Willey, Inc., and the position taken is the same in substance in both instances.

Appellants Industrial Commission and Division of Employment Security (No. 27548) take a position, the substance of which is the same as their position as respondents in No. 27006. They contend (I) that the court erred in reversing the decision of the Industrial Commission because the Commission's findings of fact and conclusions of law were supported by substantial and competent evidence on the whole record and were, there-

fore, conclusive; and, accordingly, the decision, that Willey, Inc., had certain licensed real estate salesmen "in employment," and that all compensation paid to them by Willey, Inc., constituted "wages" under the law, was reasonable and proper. They charge also (II) that certain of the court's conclusions of law were erroneous because: (1) the intent of the legislature in its 1965 amendment to Section 288.034(5) was to vitiate *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, and *Handley v. State, Division of Emp. Security*, supra, which predate the amendment; (2) real estate commission salesmen, such as those associated with Willey, Inc., do not meet the exclusionary test of Section 288.-034(5)(c), in that they are not customarily engaged in an independently established trade, occupation, profession or business, and are, therefore, in covered employment performing services for Willey, Inc., for wages; (3) by the maxim "*expressio unius est exclusio alterius*" such salesmen come under the Act; (4) economic dependence of a commission real estate salesman on the broker with whom he is associated is properly considered in determining the relationship between salesman and broker and whether the salesman is customarily engaged in an independently established trade, occupation, profession or business under Section 288.034(5)(3); (5) appellants' present construction of Section 288.034(5), that commission real estate salesmen of Willey, Inc., are "in employment" and subject to the Act, is not unlawful because the 1965 amendment to Section 288.034(5) mandated such construction as opposed to the construction accorded by the courts and the Division prior to the amendment; (6) commission real estate salesmen such as those associated with Willey, Inc., perform services for wages for Willey, Inc.; (7) it is not contrary to public policy and the purpose and intent of Chapter 288 to tax Willey, Inc., on wages paid to its commission real estate salesmen in that such persons may qualify for benefits; (8) even though taxing provisions must be strictly construed, the court must give proper consideration to the legislative intent reflected in the 1965 amendment to Section 288.034(5).

Respondent Roy Willey, Inc., (No. 27548) takes the position (I) that the circuit court's reversal of the Commission's decision is consistent with the case law of *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, and *Handley v. State, Division of Emp. Security*, supra, that independent contractors, including commission real estate salesmen, are not "in employment" under Chapter 288, RSMo.1969; that the circuit court was correct: (II) in determining that the Real Estate Law, Chapter 339, RSMo. has as its primary purpose, protection of the general public in real estate transactions and does not require real estate brokers and their salesmen to be in an employer-employee relationship, (III) in determining that the Commission's decision unlawfully found Willey's real estate salesmen outside the test of Section 288.034(5)(c), on the ground that real estate salesmen are economically dependent on the broker with whom they are associated, (IV) in finding that the Commission's decision was contrary to the existing case law of *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, (V) in finding that the Commission's decision was unlawful in determining that real estate salesmen are "in employment" under the Act through application of the maxim *expressio unius est exclusio alterius*, (VI) in finding that the Commission's decision was contrary to public policy and the intent of Chapter 288, RSMo., because real estate salesmen cannot qualify for unemployment benefits, (VII) in finding the Commission's decision was unlawful in its conclusion that Section 288.034(5)(c), for purposes of exclusion of a real estate salesman, requires him to have an independently established trade, occupation, profession, or business with no affiliation or relationship to others, (VIII) in finding the Commission's decision unreasonable and unlawful because a finding that Willey's real estate salesmen are not excluded from the Act under Section 288.-034(5), is not supported by competent and substantial evidence, (IX) in refusing to defer to the Commission with respect to Chapter 339 because questions thereunder raised

"a judicial issue," and (X) in that the Act is a taxing statute and, when strictly construed against the taxing authority, it does not appear that respondent Willey, Inc., is subject to it.

The relative positions, contentions, and assertions of the parties have been stated in detail to demonstrate that the questions for resolution are common to both appeals.

There is no question that appellant Beal and respondent Willey, Inc., are each an "employer" within the definition of Section 288.032, supra, if their commission real estate salesmen are "in employment" under Section 288.034, supra, because the evidence shows at least four such individuals were associated with each of them for the requisite time.

Nor is there any question of inclusion of such salesmen into "employment" under the Act by way of Section 288.034(5)(a) and (b), because the Commission takes the position that their inclusion is solely by way of Section 288.034(5)(c), in that there is nothing to show that such individuals, in the performance of services for appellant Beal and respondent Willey, Inc., were customarily engaged in an independently established trade, occupation, profession, or business.

The principal question is whether commission real estate salesmen associated with appellant Beal and respondent Willey, Inc., are "in employment" within the intent and purpose of the Missouri Employment Security Law, Chapter 288, RSMo.

There is no question that prior to its amendment, effective October 13, 1965, Section 288.034(5) had been construed to mean that commission real estate salesmen were not "in employment" of real estate brokers with whom they were associated; that "employee" and "employer" were used in the Act in their ordinary and usual sense; and the test of Section 288.034(5)(a)(b)(c), commonly called the ABC test, was the usual and proper test for determining the existence of an independent contractor relationship; that the definition of "employment" was no broader than the common-law concept of master and servant; that in drafting the Act, the legislature intended the common-law test of employment relationship to be also the test of whether an individual is "in employment" as defined by the statute or has the status of an independent contractor. *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, 152 S.W.2d l. c. 192; *Handley v. State, Division of Emp. Security*, supra, 387 S.W.2d l. c. 252.

Appellant Beal and respondent Willey, Inc., argue that the language added by the 1965 amendment did not change the applicability to or impair the control of the above cases on the questions now presented. The Commission argues that legislative intent of the 1965 amendment was to vitiate the prior decisions and to broaden unemployment compensation coverage under the Act to the extent that in these two situations commission real estate salesmen would be covered by the Act.

Since these cases arose after the 1965 amendment, it is necessary to determine the intent and purpose of the legislature in amending Section 288.034(5), and to be guided accordingly in the resolution of the stated question.

■ Among the established and recognized rules for ascertaining legislative intent are: Courts must consider the object sought to be obtained and the evil sought to be remedied, must assume that the legislative purpose is a reasonable one and that laws are presumed to have been enacted for the benefit of the community, that the intention was to enact an effective law and to make some change in the existing law. *In re Tompkins' Estate*, 341 S.W.2d 866, 872[8] (Mo.1960). It is also recognized that a change in a statute is ordinarily intended to have some effect, and that the legislature will not be charged with having done a meaningless act. *State ex rel. Thompson-Stearns-Roger v. Schaffner*, 489 S.W.2d 207, 212[2] (Mo.1973). It is also appropriate to consider the history of the statute, the presumption of the legislature's knowledge of the law to be amended, the surrounding circumstances, and the ends to be accomplished. *Protection Mutual Ins. Co. v. Kansas City*, 504 S.W.2d 127, 130[3] (Mo.1974).

Accordingly, Section 288.034(5), as amended in 1965, is to be construed with the idea that the legislature intended to accomplish something by its additional language and was aware of the construction accorded the section as it read prior to its amendment. *Wigand v. State Dept. of Public Health and Welfare*, 454 S.W.2d 951, 956[11] (Mo.App.1970). Thus, "Since the legislature is presumed to know the prior construction of the original act an amendment substituting [or adding] a new phrase for one previously construed generally indicates that a different interpretation be given the new phrase as the old phrase as interpreted no longer expresses the legislative will." *Salitan v. Carter, Ealey and Dinwiddie*, 332 S.W.2d 11, 14 (Mo.App.1960), citing and quoting 1 Sutherland, Statutory Construction No. 1930 (3rd ed.) 1943.

■■■ *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, 152 S.W.2d l. c. 191, recognized, as suggested by both appellant Beal and respondent Willey, Inc., that the Act includes taxing provisions and such provisions are to be strictly construed against the taxing authority. However, it has later been recognized that the general purpose of the Employment Security Law is to provide for the compulsory setting aside of unemployment reserves for the benefit of persons unemployed through no fault of their own, and that the Act is to be liberally construed. *O'Dell v. Division of Employment Security*, 376 S.W.2d 137, 141–142[2, 3] (Mo.1964). Thus, it appears that the taxing provisions of the Act are incidental to its paramount and remedial purpose of relief, and a liberal construction of "employer" and "employment" is warranted to secure that purpose.

Under the above principles of statutory construction, and in view of the construction of the prior statute in *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, the Commission argues that the 1965 amendment of Section 288.034(5) shows that the legislature intended to include in its definition of "employment" the service of certain individuals who were independent contractors at common law, and to

exclude only those individuals whose services conformed to the literal wording of Section 288.034(5)(a)(b)(c), thus vitiating, to that extent, *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, and *Handley v. State, Division of Emp. Security*, supra.

Appellant Beal and respondent Willey, Inc., contend that the 1965 amendment did not change the requirement that the individual's service must come within the common-law master and servant relationship, and that until the legislature defines "employee" in the Act, the common-law test prevails. They assert also that it is unnecessary to show "to the satisfaction of the Division" that the three tests of Section 288.034(5)(a)(b)(c) are fulfilled unless the Commission first determines that a real estate salesman is performing services for wages for a real estate broker.

The argument of the Commission prevails, and the theory of appellant Beal and respondent Willey, Inc., fails upon consideration of the plain meaning of the words of the provision after amendment. Section 288.034(5) states that services performed by an individual for wages shall be deemed "employment" unless it is shown to the satisfaction of the Commission that each of the tests, Section 288.034(5)(a)(b)(c), are met, irrespective of the usual tests for determining the existence of the independent contractor relationship at common law. Such plain language demonstrates that the legislature no longer favored the common-law test recognized in *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra. To say otherwise would be to charge the legislature with a meaningless act.

■■■ Support for this construction of Section 288.034(5), as amended 1965, arises also from the history of the Act subsequent to its amendment. Judicial notice may be taken that the legislature has attempted to enact new legislation and failed, or has enacted new legislation. *Osterloh's Estate v. Carpenter*, 337 S.W.2d 942, 946[6] (Mo. 1960). In this respect, legislation was proposed in 1973 (and failed to pass) which would specifically include real estate bro-

kers and salesmen in the exclusionary provisions of Section 288.034; and in 1975 the legislature repealed Section 288.034 and enacted in its place a new Section 288.034 including Section 288.034.12, which provides:

"The term 'employment' shall not include: * * * (12) Service performed by an individual for a person as an insurance agent or as an insurance solicitor, or as a real estate salesman, or as a real estate broker, if all such service performed by such individual for such person is performed for remuneration solely by way of commissions."

Failure of the 1973 bill to pass indicates the legislature did not then intend to change Section 288.034 as amended 1965 to exclude real estate salesmen from the Act; and unless real estate salesmen were included under the Act by the 1965 amendment, there would have been no purpose in enacting the exclusionary provision, Section 288.034.12(12), in 1975.

With respect to questions involving the maxim *expressio unius est exclusio alterius* (the express mention of one thing causes the exclusion of the other), the Commission, in its suggested application of the maxim, refers to Section 288.034(6), which provided at the time this controversy arose:

"The term 'employment' shall not include: * * * (*1*) Service performed by an individual for a person as an insurance agent or as an insurance solicitor, if all such service performed by such individual for such person is performed for remuneration solely by way of commissions * * *."

The Commission argues that such express exclusion of commission insurance agents and solicitors from "employment" demonstrates the continued inclusion of commission real estate salesmen.

Appellant Beal and respondent Willey, Inc., assert that the maxim does not so apply. They contend that the legislative intent is shown by a 1972 amendment to Section 288.034, which provided:

"(6) The term 'employment' shall include service performed for wages as an agent-driver or commission-driver engaged in distributing meat products, vegetable products, fruit products, bakery products, beverages (other than milk), or laundry or drycleaning services, for his principal; or as a traveling or city salesman, other than as an agent-driver or commission-driver, engaged upon a full-time basis in the solicitation on behalf of, and the transmission to, his principal (except for sideline sales activities on behalf of some other person) of orders from wholesalers, retailers, contractors, or operators of hotels, restaurants, or other similar establishments for merchandise for resale or supplies for use in their business operations, provided * * *."

Their argument is that this amendment reflects the intention that independent contractors should not be deemed "in employment" unless placed there by specific legislative action.

■ The maxim is simply a product of logic and common sense and an aid to construction. It expresses the learning of common experience that generally when people say one thing they do not mean another. 2A Sands, Statutes and Statutory Construction, § 47.74 (4th ed. 1973, revising 3rd ed. of Sutherland, Statutory Construction). Consideration of the two foregoing sections together shows that commission real estate salesmen parallel commission insurance agents and solicitors as mentioned in Section 288.034(6)(*1*), as originally enacted, rather than those relationships mentioned in the 1972 amendment to Section 288.034(6). Consequently, the logic of the maxim is best applied in this case to Section 288.034(6)(*1*), in effect at the time this controversy arose, to state that the express exemption of commission insurance agents and solicitors from its definition of "employment" shows that the legislature did not intend to exempt commission real estate salesmen. The relationships included in "employment" in the 1972 amendment to the section are not similar to commission insurance agents and solicitors or to commission real estate salesmen. "The maxim * * * is applicable only where in the

natural association of ideas the contrast between a specific subject matter which is expressed and one which is not mentioned leads to an inference that the latter was not intended to be included within the statute." 82 C.J.S. Statutes § 333, p. 670. See also, *Giloti v. Hamm-Singer Corp.*, 396 S.W.2d 711, 713[1] (Mo.1965); *Poletti v. Estate of Poletti*, 510 S.W.2d 850, 852 (Mo.App.1974).

This conclusion is also supported by noting that an express exclusion of commission real estate salesmen from the definition of "employment" could have been accomplished simply by adding "or as a real estate salesman, or as a real estate broker" following the exclusion of "Service performed by an individual for a person as an insurance agent or as an insurance solicitor" in Section 288.034(6)(*1*) as it existed during this controversy, which is exactly what the legislature did by the 1975 enactment of Section 288.034.12(12).

Equally as important as the principal question and necessary to its resolution is whether commission real estate salesmen associated with real estate brokers Beal and Willey, Inc., were "customarily engaged in an independently established trade, occupation, profession or business" so as to exempt them under Section 288.034(5)(c) from the definition of "employment" of Section 288.-034. The Commission determined that such commission real estate salesmen were performing services for "wages" because they were economically dependent upon a broker and could not by law operate independently of a broker, and thus failed to satisfy the test of Section 288.034(5)(c) for exemption. Appellant Beal and respondent Willey, Inc., contend that such findings are unlawful, arguing that economic dependence is not a standard for determination of the employer-employee relationship, and that the Missouri Real Estate Law, Chapter 339, RSMo., has nothing to do with the determination.

As previously indicated, the Commission does not contend that the commission real estate salesmen associated with real estate brokers Beal and Willey, Inc., do not meet conditions (a) and (b) of the so-called ABC test of Section 288.034(5)(a)(b)(c), but does contend that such salesmen are not shown to be engaged in an independently established trade, occupation, or business so as to exempt them from the Act.

Tests similar to that of Section 288.-034(5)(c) have produced differing interpretations in other jurisdictions. For example, in Rhode Island the relationship between real estate salesman and broker has been characterized as a joint venture with neither side obligated to the other, and the remuneration is paid by a third party. In such case, real estate salesmen were held not to be in employment performing services for wages. *H. J. Bernard Realty Co. v. Director of Employment Security*, supra. In Tennessee, real estate salesmen were held not to be performing services for wages where their commissions were paid by parties to the sale and not by the broker. *Guaranty Mortgage Co. v. Bryant*, 179 Tenn. 579, 168 S.W.2d 182 (1943). However, in Oregon and Wyoming, real estate salesmen have been held to have performed services for a broker for remuneration so as to subject the broker to the unemployment compensation law. *Rahoutis v. Unemployment Comp. Commission*, 171 Or. 93, 136 P.2d 426 (1943). See *Ben Realty Co. v. Employment Security Commission*, 416 P.2d 220 (Wyo.1966).

The leading cases in Missouri, principally *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra, in their characterization of the relationship which a real estate salesman bore to his broker, that of independent contractor, did not, as previously demonstrated, deal with the issue now presented under Section 288.034(5)(c) as amended in 1965.

In Illinois, "[O]ne who is engaged in an independent enterprise is an individual who has a proprietary interest in such business to the extent that he can operate same without hindrance from any individual whatsoever and whose business also is free from control." *Murphy v. Daumit*, 387 Ill. 406, 56 N.E.2d 800, 805[2] (1944). In Maine, satisfaction of the test requires "a proprietary interest in an occupation or business to the extent that he could operate without

hindrance from any source * * *." *Hasco Mfg. Co. v. Maine Emp. Security Commission*, 158 Me. 413, 185 A.2d 442, 445[6] (1962).

The Commission argues that commission real estate salesmen are, by virtue of Sections 339.010 and 339.150, supra, economically dependent upon their brokers and thus are not customarily engaged in an independently established trade, occupation, profession, or business.

Appellant Beal and respondent Willey, Inc., argue that the sole purpose of Chapter 339, RSMo., is the protection of the general public in real estate transactions. See *Gilbert v. Edwards*, 276 S.W.2d 611, 616 (Mo. App.1955); *In re Wilson Sullivan Co.*, 289 N.Y. 110, 44 N.E.2d 387 (1942). And, citing *Louis A. Demute, Inc. v. Michigan Employment Sec. Commission*, 339 Mich. 713, 64 N.W.2d 545 (1954), and *California Employment Stabilization Comm. v. Morris*, 29 Cal.2d 419, 172 P.2d 497 (Cal. banc 1946), they contend that the real estate law should not be read into the employment security law to find an employer-employee relationship between real estate brokers and salesmen.

It is not necessary to read the Missouri Real Estate Law, Chapter 339, RSMo., into the Missouri Employment Security Law, Chapter 288, RSMo., in order to ascertain the relationship between a commission real estate salesman and the broker with whom he may be associated. Nor is the court required to disregard Chapter 339, RSMo., as it has been construed, in a determination of that relationship. *Louis A. Demute, Inc. v. Michigan Employment Sec. Commission*, supra. In this respect, "The Legislature obviously intended that real estate salesmen must be associated, either directly or indirectly, with a broker and cannot receive a commission or other valuable consideration from any person other than a licensed broker. * * * the Legislature intended that brokers be prohibited from paying any part of their commission *to any person* not a licensed real estate broker or salesman and to a salesman who is not directly or indirectly associated with

a broker." *Gilbert v. Edwards*, supra, 276 S.W.2d l. c. 618–619[10]. Thus, a commission real estate salesman may be economically or financially and otherwise independent of a real estate broker by absence of "controls," *A. J. Meyer & Co. v. Industrial Comp. Commission*, supra, and by virtue of his successful conduct of some other independently established trade, occupation, profession, or business, e. g., carpentry, farming, teaching, or banking; yet, should he wish also to perform services and enjoy remuneration for them as a commission real estate salesman, he is not independent because he can do so only through association with a real estate broker or brokers.

Consequently, commission real estate salesmen associated with appellant Beal and respondent Willey, Inc., were "in employment" within the intent and purpose of the Missouri Employment Security Law, as found by the Commission, until they were exempted from the Act by the 1975 amendment, Section 288.034.12(12).

This determination is not changed by United States Treasury Department rulings that such salesmen were not employees under the Federal Social Security Act because such rulings are not binding on the court in a determination whether a salesman is an employee within the meaning of the Missouri Employment Security Law. *A. J. Meyer & Co. v. Unemployment Comp. Commission*, supra; *National School of Aero. v. Division of Employment Sec.*, supra, 226 S.W.2d l. c. 97[6].

There is no evidence to support arguments advanced by appellant Beal and respondent Willey, Inc., that inclusion of their real estate salesmen in the coverage of the Act is against public policy on the ground they cannot qualify for the benefits of the Act. Accordingly, such arguments are dismissed as speculation.

Appellant Beal also charges that his telephone solicitors were not "in employment" under the Act.

Two types of telephone solicitors were shown to have performed services for Mr. Beal. One type worked in his office at

an hourly rate of pay. Solicitors of this type have previously been determined to be employees under the Act. *Handley v. State, Division of Emp. Security*, supra. The other type worked in their homes and were paid by appointments secured. These, together with the office solicitors, are included under the Act by virtue of the discussion, supra, of *expressio unius est exclusio alterius*. Under Section 288.034.12(12) their counterparts, insurance solicitors, are specifically excluded from coverage by the Act, and, by omission of real estate solicitors from the exclusionary provision, the logic of the maxim is sufficient to support the determination that real estate solicitors are included.

In accordance with the foregoing, the judgment in *Beal v. Industrial Commission* (No. 27006) is affirmed; the judgment in *Willey, Inc. v. Industrial Commission* (No. 27548) is reversed with directions that the circuit court affirm the decision of the Industrial Commission.

All concur.