**Lois J. BOURQUE, Administratrix DBNCTA of the Estate of Margaret E. Murray**

v.

**Mary GOODWIN.**

**No. 99–512–Appeal.**

Supreme Court of Rhode Island.

April 18, 2001.

Patrick J. Sullivan, Coventry.

Robert D. Parrillo, Providence.

**ORDER**

This case came before the Supreme Court for oral argument on April 5, 2001, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The plaintiff, Lois Bourque, who is Administratrix DBNCTA of the Estate of Margaret E. Murray (decedent), has appealed from a Superior Court judgment in favor of defendant, Mary Goodwin. The defendant had been given power of attorney by decedent, who formerly owned assets in defendant's possession at the time of decedent's death. The plaintiff alleged that defendant acquired the property in question through undue influence or fraud. In response, defendant argued that the property had been an inter vivos gift from decedent, and she pointed out that the families of defendant and decedent had a close relationship going back many years and that defendant and her sister were "the children that [decedent and her siblings] never had."

On appeal, plaintiff contended that the trial justice erred in finding defendant to be a credible witness, arguing that there were numerous inconsistencies in defendant's testimony. However, the trial justice noted in his decision that notwithstanding inconsistencies, he nevertheless found defendant credible, given the totality of her testimony. Having reviewed the record, we conclude that the trial justice neither overlooked nor misconceived evidence and was not otherwise clearly wrong in making this finding of credibility. *See Bielecki v. Boissel,* 715 A.2d 571 (R.I.1998) (enunciating standard of review).

The plaintiff next contended that the trial justice applied the wrong standard of proof to the facts of this case. The trial justice ruled that the party requesting the imposition of a constructive trust, as plaintiff did here, must establish by clear and convincing evidence the existence of fraud or a breach of fiduciary duty. *Curato v. Brain,* 715 A.2d 631, 634 (R.I.1998). In such circumstances, a plaintiff must prove the existence of a fiduciary relationship and establish either a breach of some promise or an act involving fraud that occurred as a result of the confidential relationship. *Clark v. Bowler,* 623 A.2d 27, 29 (R.I.1993). Here, the trial justice found that there was a fiduciary relationship but concluded no breach or fraud occurred. The trial justice also ruled that the donee of a gift has the burden of proving such a gift by "satisfactory evidence" and that the question turns on the issue of whether the testimony of the donee is to be believed. *Pearlman v. Campaloni,* 96 R.I. 145, 148, 149, 190 A.2d 7, 9, 10 (1963). In concluding that defendant was credible, the trial justice correctly stated and considered the requisite burdens of proof in finding in favor of defendant.

Third, plaintiff argued that the record contained a factual error from which the trial justice drew an inference against plaintiff. We note, however, that plaintiff did not make a motion to amend the record and, in any event, it appears that the trial justice did not place significant reliance on the alleged error.

We have considered plaintiff's remaining arguments and deem them to be without merit.

For the above reasons, the plaintiff's appeal is denied and dismissed. We affirm the judgment of the Superior Court, to which we return the papers of the case.