**MEDICAL GROUP FINANCIAL SERVICES, INC., MGFS Insurance Brokerage, Inc., MGFS Insurance Brokerage of Texas, Inc., Plaintiffs,**

**v.**

**UNITED STATES LIFE INSURANCE COMPANY IN THE CITY OF NEW YORK, Citizens Bank of Rhode Island and Bank of Newport, Defendants.**

**No. CIV.A. 99–40205NMG.**

United States District Court,
D. Massachusetts.

Jan. 22, 2003.

---

Louis M. Ciavarra, Bowditch & Dewey, LLP, Worcester, for MGFS Insurance Brokerage, Inc., Medical Group Financial Services, Inc., Counter Defendants.

William D. Jalkut, Fletcher, Tilton & Whipple, Worcester, MA, for UMass Memorial Health Care, Inc., Plaintiff.

Alan G. Miller, Alan G. Miller, Boston, MA, for Annmarie Loughnane, Kenneth Arnold, Plaintiffs.

John O. Mirick, Mirick, O'Connell, DeMallie & Lougee, Worcester, MA, for Harvard Medical Faculty Physicians at Beth Israel Deaconess Medical Center, Inc., Physicians' Organization at Children's Hospital, Plaintiffs.

Irwin B. Schwartz, Petrie, Bauer, Schwartz LLP, Boston, MA, for United States Life Insurance Company in the City of New York, Counter Claimant.

John A. Wickstrom, Tashjian, Simsarian & Wickstrom, Worcester, MA, for United States Life Insurance Company in the City of New York, Defendant.

Timothy P. Wickstrom, Tashjian, Simsarian & Wickstrom, Worcester, MA, for United States Life Insurance Company in the City of New York, Defendant.

## MEMORANDUM AND ORDER

GORTON, District Judge.

This case concerns a dispute between parties to a joint undertaking to provide insurance for professionals in the medical community. Pending before the Court is defendants' Motion for Summary Judgment with respect to Count VI of the Third Amended Complaint.

### I. *Factual Background*

A description of the parties, the agreements between them and the relevant facts for purposes of this Memorandum and Order, taken in the light most favorable to the non-moving party, are set forth in detail in the Court's Memorandum and Order entered August 16, 2002 allowing, in part, and denying, in part, the parties' cross motions for summary judgment (Docket No. 197). Those descriptions and

facts are incorporated herein by this reference.

## II. *Procedural Background*

On December 8, 1999, Medical Group Financial Services, Inc. ("MGFS") and several participating employers filed suit against United States Life Insurance Company ("US Life") for breach of contract, promissory estoppel, fraud, breach of the covenant of good faith and fair dealing and violation of M.G.L. c. 93A. U.S. Life counterclaimed alleging breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, interference with prospective advantage and violation of M.G.L. c. 93A. One week later, plaintiffs filed an amended complaint adding Kenneth Arnold (the former employee of a participating employer) as a plaintiff.

On February 22, 2000, MGFS filed a motion for preliminary injunction seeking authority to retain $3 million in premiums collected in December 1999 in lieu of commissions earned (and to be earned) from January 2000 forward at a rate of 17%. By Order dated April 21, 2000, this Court found that, because U.S. Life had terminated the Administration Agreement, MGFS was entitled to retain only the commissions obtained under the then-effective 1995 GAA, an amount equal to approximately 1% of the premiums collected.

On May 9, 2000, MGFS filed a Second Amended Complaint alleging, in addition to what it claimed in its original complaint, claims for misrepresentation and intentional interference with advantageous relations. Several plaintiffs voluntarily dismissed their complaints with prejudice and no participating employers remain as plaintiffs in this case. On October 31, 2001 the parties filed cross-motions for summary judgment.

In January, 2002 MGFS moved and was allowed to file its Third Amended Complaint by leave of Court. The Third Amended Complaint purported 1) to eliminate several plaintiffs who had voluntarily dismissed their claims, 2) to add new theories underlying the fraud claim and 3) to add a claim for breach of fiduciary duty.

On August 16, 2002 this Court entered an Order on the parties' cross-motions for summary judgment which ultimately narrowed the triable issues to MGFS's claims against U.S. Life for 1) breach of contract (on the issue of whether U.S. Life failed to pay commissions due to MGFS), 2) breach of fiduciary duty and 3) declaratory judgment that U.S. Life is obligated to pay commissions to MGFS, and U.S. Life's counter claims for breach of fiduciary duty and breach of the implied covenant of good faith and fair dealing.

A pretrial conference was held on September 17, 2002 and on the same day U.S. Life filed a motion for partial summary judgment on MGFS's remaining claim for breach of fiduciary duty which is the subject matter of this memorandum. The Court allowed that motion to be filed at that time because it was in response to a count that was not in the governing complaint when the parties' original cross motions for summary judgment were filed in October, 2001.

## III. *Legal Analysis*

### A. Choice of Law

In its Memorandum and Order of August 16, 2002 dealing with the parties' cross motions for summary judgment ("the Prior Order"), this Court held, and noted that the parties agreed, that "Rhode Island law should apply in this case." That conclusion was reached after a careful analysis of Massachusetts choice-of-law rules and the choice-of-law clauses in the Agreements that govern the relationship

between the parties in this case. Rhode Island law, therefore, governs the pending motion for summary judgment.

Nevertheless, both parties focus solely on Massachusetts law in support of their competing arguments without explanation or excuse. This egregious shortcoming is a puzzlement to the Court but will be overlooked because the law on joint ventures does not appear to be as fully developed in Rhode Island as it is in Massachusetts. It is not inappropriate, therefore, for this Court to resort, if necessary, to Massachusetts law to inform its decision. *See Scully Signal Co. v. Joyal*, 881 F.Supp. 727, 739–40 (D.R.I.1995) (noting that the laws of Rhode Island and Massachusetts on joint ventures do not conflict and applying both in defining a joint venture).

## B. Summary Judgment Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists only where the party opposing summary judgment provides evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

*Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists, summary judgment is appropriate.

## C. Breach of Fiduciary Duty

US Life seeks summary judgment on MGFS's claim that U.S. Life breached its fiduciary duty to MGFS by failing to act "with utmost good faith and fair dealing." To prevail on its motion U.S. Life must show that the undisputed facts would preclude a reasonable jury from finding either that U.S. Life owed a fiduciary duty to MGFS in the first place or that, if such a fiduciary relationship existed, U.S. Life failed to act therein with utmost good faith and fair dealing.[1]

### 1. Whether U.S. Life Owed MGFS a Fiduciary Duty

MGFS unequivocally predicates its claim against U.S. Life for breach of fiduciary duty upon the existence of a joint venture relationship between the parties. Absent such a relationship, therefore, MGFS cannot, as a matter of law, prove the breach of

---

1. Although U.S. Life argues that there is no evidence that it breached a duty to act with utmost good faith and fair dealing only in its reply brief and presented no evidence to support that argument, it is permissible for this Court to consider such an argument based on the prior pleadings, motions and affidavits submitted in this case. *See* Fed.R.Civ.P. 56(c); *see also Scanlon v. Dep't of Army, Corps of Eng'rs*, 277 F.3d 598, 600 (1st Cir.2002).

a fiduciary duty at trial and summary judgment is appropriate.

 Under Rhode Island law, a joint venture is "an undertaking by two or more persons jointly to carry out a single business enterprise for profit." *Fireman's Fund Ins. Co. v. E.W. Burman, Inc.*, 120 R.I. 841, 844, 391 A.2d 99, 101 (R.I.1978); *see also H.J. Bernard Realty Co. v. Director of Employment Security*, 104 R.I. 651, 656, 248 A.2d 245, 247 (R.I.1968) (defining a joint venture as "where each party makes a contribution and performs certain functions which produce a mutually advantageous result"). Put differently, a joint venture is like a partnership but is limited to a single enterprise or transaction. *See Scully*, 881 F.Supp. at 740. Agreements between parties, if any exist, determine whether the parties intended to operate as a joint venture. *Petricca Dev. Ltd. Partnership v. Pioneer Dev. Co.*, 40 F.Supp.2d 49, 53 (D.Mass.1999).

 Based on the agreements between the parties, a reasonable jury could find that they created, or intended to create, a joint venture, i.e. MGFS has identified genuine issues of material fact that necessitate a determination by the fact-finder of whether the parties intended to engage in a joint venture. MGFS has identified facts indicating that the parties had a joint ownership interest, intended to share profits and exercised joint control over certain aspects of the enterprise. US Life's motion will not, therefore, be allowed on that basis.

## 2. Whether U.S. Life Breached its Fiduciary Duty

MGFS alleges that U.S. Life breached its fiduciary duty to MGFS arising under their joint venture by failing "to act with utmost good faith and fair dealing." At the outset, it is important to recall that this Court has already entered summary judgment against MGFS on a claim alleging that U.S. Life breached a covenant of good faith and fair dealing arising out of the several agreements between them. The grounds for that judgment were the lack of any evidence indicating that U.S. Life acted in bad faith or dealt unfairly with MGFS.

This Court understands that the standard for "good faith and fair dealing" may be higher in a fiduciary relationship than it is in a mere contractual relationship. *Compare Ide Farm & Stable, Inc. v. Cardi*, 110 R.I. 735, 739, 297 A.2d 643, 645 (R.I.1972) (stating that the purpose of implied covenants of good faith and fair dealing is "so that contractual objectives may be achieved"), *with Hendrick v. Hendrick*, 755 A.2d 784, 789 (R.I.2000) ("[A] fiduciary relationship is one of trust and confidence and imposes the duty on the fiduciary to act with the *utmost* good faith." (emphasis added) (internal quotation marks and brackets omitted)). Still, MGFS has failed to present a genuine and material factual dispute that would prevent this Court from entering judgment against it as a matter of law.

 MGFS fails in its Third Amended Complaint to state explicitly what acts U.S. Life committed that amount to any bad faith or unfair dealing. Rather, MGFS gratuitously points to "conduct more fully described [in the first 109 paragraphs of this complaint] above." MGFS also fails to state explicitly in either its opposition or sur-reply to U.S. Life's motion for summary judgment in what way U.S. Life failed to act with utmost good faith and fair dealing. Indeed, a careful review of MGFS's Third Amended Complaint, as well as all of the pleadings submitted in both this and the earlier cross motions for summary judgment disposed of in the Prior Order, reveals no evidence

to support MGFS's bare allegation that U.S. Life failed to act with utmost good faith and fair dealing.

The conduct by which U.S. Life could possibly have acted in bad faith include: 1) terminating its relationship with MGFS, 2) violating rate guarantees by terminating coverage before expiration of such guarantees, 3) deceit, manipulation and fraud in terminating its relationship with MGFS, or 4) withholding commissions due to MGFS.

This Court has already held that U.S. Life had a right under the several agreements between the parties to terminate its relationship with MGFS and that it did not act fraudulently in doing so. That being the case, it is difficult to surmise how U.S. Life could have done so in bad faith and MGFS has presented no evidence to this Court to such effect. Thus, as a matter of law, U.S. Life did not fail to act with utmost good faith and fair dealing under any of the first three examples of conduct mentioned above.

While a genuine issue of material fact remains as to whether commissions are due to MGFS, the withholding of such commissions, if it occurred, does not necessarily amount to a failure to act with utmost good faith and fair dealing. It *may* amount to such a failure but MGFS has not alleged or presented any evidence to indicate that U.S. Life withheld payment of commissions in bad faith. Thus, as a matter of law, U.S. Life has not failed to act with utmost good faith and fair dealing under the fourth example of conduct above. *See Bourque v. Goodwin*, 771 A.2d 900, 901 (R.I.2001) (noting that to prove the breach of a fiduciary duty, "a plaintiff must prove the existence of a fiduciary relationship and establish either a breach of some promise or an act involving fraud that occurred as a result of the confidential relationship").

In summary, MGFS has failed to allege in its Third Amended Complaint facts sufficient to support its claim for breach of fiduciary duty and has otherwise presented no genuine issue of material fact concerning whether U.S. Life failed to act with utmost good faith and fair dealing in its purported joint venture with MGFS. The most the evidence could show is that U.S. Life breached its contract by withholding commissions due MGFS, which, without some affirmative evidence of bad faith or unfair dealing, is not a breach of its fiduciary duty to MGFS, assuming one exists. Summary judgment will, therefore, be entered in favor of U.S. Life on MGFS's claim for breach of fiduciary duty.

### ORDER

For the reasons set forth in the Memorandum above, defendants' "Motion for Summary Judgment Against Count VI of the Third Amended Complaint" (Docket No. 204) is **ALLOWED**.

So ordered.